# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE, | CASE NO. 1:07-cv-00269 AWI DLV PC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO AMEND AS UNNECESSARY |
| v. | (Doc. 7) |
| JEANNE WOODFORD, et al., | ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS WITHIN THIRTY DAYS |
| Defendants. | |

_____/

I.    Order

    A.    Motion to Amend

        Plaintiff Vincent C. Bruce ("plaintiff") is a state prisoner proceeding pro se  in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 2, 2007.  On February 25, 2008, plaintiff filed a motion seeking leave to amend and submitted a proposed amended complaint.  It is unnecessary for plaintiff to seek leave of court to amend because he has not previously amended and a responsive pleading has not been served.  Fed. R. Civ. P. 15(a).  Accordingly, plaintiff's motion shall be denied on the ground that it is unnecessary.  Plaintiff's amended complaint is the subject of the screening set forth below.

    B.    Screening Requirement

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and
plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).
"Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only
if it is clear that no relief could be granted under any set of facts that could be proved consistent with
the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether
the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of
the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights
complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
266, 268 (9th Cir. 1982)).

C.   Plaintiff's Eighth Amendment Medical Care Claim

Plaintiff's Eighth Amendment claim in this action arises from the medical treatment plaintiff
received for a shoulder and chest injury in 2003.  The defendants named in this Eighth Amendment
claim are D. Kyle, Snow and N. Bhatt.   Plaintiff alleges that defendants Kyle, Snow and Bhatt
delayed, denied and interfered with plaintiff's medical treatment.

The Civil Rights Act under which this action was filed provides:

2

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.)  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff's claim involves his medical care and therefore falls within the purview of the Eighth Amendment.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an

excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical needs. <u>McGuckin</u>, 974 F.2d at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges that on March 3, 2003, he sustained an injury to his shoulder and chest which caused him severe pain.  Plaintiff alleges that he was not treated until March 7, 2003, when he was examined by defendant Kyle.  Plaintiff alleges that defendant Kyle suspected that plaintiff had a torn muscle.  Plaintiff alleges that defendant Kyle promised to refer plaintiff to an orthopaedic doctor if the treating physical therapist recommended it, but failed to do so.  Plaintiff alleges that defendant Kyle agreed to refer plaintiff to a specialist only after plaintiff grieved.  Plaintiff alleges that when informed of the six month wait for an appointment, plaintiff filed an appeal.  Plaintiff alleges that defendant Snow responded to his appeal regarding the delay by berating plaintiff and cancelling plaintiff's referral to a specialist.  Plaintiff alleges that defendant Bhatt approved the cancellation.

"Deliberate indifference is a high legal standard." <u>Toguchi</u>, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id</u>. at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  <u>Id</u>. (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations state a cognizable claim against defendant Snow for relief under the Eighth Amendment.  However, plaintiff's allegations do not support a claim that defendants Kyle and Bhatt "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." <u>Farmer</u>, 511 U.S. at 837.  Defendant Kyle's reluctance in referring plaintiff to a specialist does not rise to the level of an Eighth Amendment violation and is insufficient to state a claim under section 1983.  Defendant

1   Bhatt's involvement in plaintiff's grievance of the incident does not support a claim under section

2   1983 for violation of plaintiff's rights under the Eighth Amendment or for violation of any other

3   constitutional right.

4           D.     Plaintiff's Retaliation Claim against Defendants Snow and Bhatt.

5         Plaintiff alleges that defendants Snow and Bhatt retaliated against plaintiff for filing his

6   medical grievance, by cancelling his referral to see an orthopaedic specialist. Plaintiff alleges that

7   defendant Snow berated plaintiff for alleging incompetence of medical staff in his grievance, and

8   that defendant Snow cancelled plaintiff's appointment with an orthopaedic specialist on false

9   grounds. Plaintiff alleges that defendant Bhatt approved the cancellation.

10        Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

11   the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

12   1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

13   F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment

14   retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

15   against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

16   the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

17   a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

18        In addition, "[A prison] grievance procedure is a procedural right only, it does not confer any

19   substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing

20   Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850,

21   860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific

22   grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance

23   procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

24   1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural

25   protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10;

26   Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's

27   administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d

28   at 495.

1    Plaintiff's allegations are sufficient to state a claim against defendant Snow for retaliating

2  against him, in violation of his First Amendment right to file inmate appeals.   However, plaintiff's

3  allegations do not support a claim that defendant Bhatt retaliated against him.   Defendant Bhatt's

4  involvement in the resolution of plaintiff appeal does not provide a basis upon which to impose

5  liability.

6          E.    Plaintiff's Retaliation Claim Against Defendant Woodford and SATF defendants.

7    Plaintiff alleges that while incarcerated at SATF, plaintiff and approximately six dozen

8  inmates participated in a peaceful hunger strike to protest various prison restrictions and to voice

9  their complaints regarding grievance procedures.   Plaintiff alleges that defendants Fulks and Wan

10  requested that plaintiff and three other inmates act as spokespersons for the fasting inmates.   Plaintiff

11  alleges that when publicity regarding the protest surfaced, plaintiff and two other inmates were made

12  examples of, and placed in administrative segregation for orchestrating a hunger strike and

13  conspiring to assault staff.   Plaintiff alleges that the defendants used the disciplinary process to later

14  place plaintiff in disciplinary segregation for over 56 weeks.   Specifically, plaintiff alleges that

15  "SATF defendants" and defendant Woodward retaliated against plaintiff for lodging grievances and

16  assisting other inmates with their grievances by placing him in segregation.

17    Section 1983 plainly requires that there be an actual connection or link between the actions

18  of the defendants and the deprivation alleged to have been suffered by plaintiff.   See Monell v.

19  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).   "A

20  person deprives another of a constitutional right, where that person 'does an affirmative act,

21  participates in another's affirmative acts, or omits to perform an act which [that person] is legally

22  required to do that causes the deprivation of which complaint is made.'"   Hydrick v. Hunter, No. 03-

23  56712, 2007 WL 2445998, *5 (9th Cir. Aug. 30, 2007) (quoting Johnson v. Duffy, 588 F.2d 740,

24  743 (9th Cir. 1978)).   "[T]he 'requisite causal connection can be established not only by some kind

25  of direct, personal participation in the deprivation, but also be setting in motion a series of acts by

26  others which the actor knows or reasonably should know would cause others to inflict the

27  constitutional injury.'"   Id. (quoting Johnson at 743-44).

28    Plaintiff's allegation that defendant Woodford was aware that plaintiff had presented

6

complaints and grievances to various prison officials prior to, during, and after the hunger strike is insufficient to give rise to a claim for retaliation.  Section 1983 requires linkage between the actions or omissions complained of and the individual defendant.  Plaintiff's allegation is devoid of any facts sufficient to state a cognizable retaliation claim against defendant Woodford.

Plaintiff's complaint of retaliation by  "SATF defendants" also fails to sufficiently link the named defendants to the alleged retaliatory conduct.  Section 1983 requires linkage between the acts and omissions complained of and the individual defendants.  Plaintiff may not assert that all "SATF defendants" were aware of plaintiff's complaints and inmate grievances, and that all "SATF defendants" retaliated against plaintiff.   It is unclear from the complaint how each defendant acted in a retaliatory manner towards plaintiff.   For example, plaintiff has identified defendants Snow, Kyle, and Bhatt as being employed at SATF.  However, plaintiff does  not provide any facts to indicate how these defendants were involved in any retaliation against plaintiff concerning the hunger strike.  The court will provide plaintiff with the opportunity to file an amended complaint that sets forth for each "SATF defendant", *as briefly as possible*, what action that defendant took or failed to take and why (e.g., to retaliate against plaintiff for litigating in court or for filing inmate grievances).

F.    Plaintiff's Fourteenth Amendment Due Process Claims

Plaintiff alleges that a few weeks after the hunger strike, plaintiff was exonerated of allegations that he conspired to assault staff, but received a disciplinary report charging him with "Inciting a Hunger Strike".  Plaintiff alleges that he was found guilty of the charge, which was later vacated for due process violations.  Plaintiff alleges that he was then recharged, and that defendant Fields was assigned to hear the matter.  Plaintiff alleges that upon reviewing the case, defendant Fields changed the charge against plaintiff to "leading a hunger strike", and made evidentiary disclosures to plaintiff.  Plaintiff alleges that "defendants regulations" and state law prohibit an individual who makes evidentiary changes and changes to the charge from serving as the disciplinary hearing officer.  Plaintiff therefore  alleges that he was deprived an impartial disciplinary hearing, in violation of the Fourteenth Amendment.   In addition, plaintiff alleges that there is no rule prohibiting inmates from fasting collectively or individually, and therefore the defendants failed to

1    provide notice to plaintiff that his role and participation in the hunger strike was sanctionable

2    conduct, in violation of plaintiff's right to due process.  Plaintiff alleges that he spent a total of over

3    56 weeks in disciplinary segregation, and was also given a 12 month SHU term.

4         The Due Process Clause protects against the deprivation of liberty without due process of

5    law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due

6    Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

7    protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

8    law.  Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not

9    confer on Plaintiff a liberty interest in avoiding "more adverse conditions of confinement."

10   Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Under state law, the

11   existence of a liberty interest created by prison regulations is determined by focusing on the nature

12   of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Such interests are limited to

13   freedom from restraint which "imposes atypical and significant hardship on the inmate in relation

14   to the ordinary incidents of prison life."  Id. at 484.

15        In the instant case, plaintiff alleges that confinement in disciplinary segregation differs

16   materially from general population, with disciplinary segregation involving severe restrictions on

17   property, visits, telephone access, canteen, personal packages, and indoor and outdoor activity.

18   Plaintiff has sufficiently alleged atypical and significant hardship on the plaintiff in relation to

19   ordinary incidents of prison life, and therefore that plaintiff had a protected liberty interest at stake.

20   The issue now is whether plaintiff received the process he was due.

21        The Court takes note that plaintiff cites to Title 15 of the California Code of Regulations in

22   support of his due process allegations.  However, plaintiff is pursuing a claim under section 1983

23   for violation of his rights under the Due Process Clause of the Fourteenth Amendment of the United

24   States Constitution.  The provision for certain procedural protections under state law does not work

25   to enlarge the protections plaintiff is due under federal law, which is discussed as follows.  See

26   Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).

27        "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply

28   of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539,

1  556 (1974).  With respect to prison disciplinary proceedings, the minimum procedural requirements

2  that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the

3  prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his

4  defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking

5  disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him

6  to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal

7  assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.

8  Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been

9  satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

10        In the instant case, plaintiff alleges that it is not possible for a person of ordinary intelligence,

11  reading the disciplinary regulations, to be on notice that leading or organizing a hunger strike is

12  sanctionable conduct.  Plaintiff therefore alleges that the notice provided to him was inadequate.

13  "Part of the function of notice is to give the charged party a chance to marshal the facts in his defense

14  and to clarify what the charges are, in fact".  Wolff v. McDonnell, 418 U.S. 539, 564 (1974).

15  Plaintiff is entitled to written notice of the charges against him prior to his disciplinary hearing.  Id.

16  Plaintiff states in his complaint that his disciplinary hearing was held February 3, 2005, and that on

17  January 27, 2005, the charge against him was amended from "Inciting a Hunger Strike" to "Leading

18  a Hunger Strike".  Plaintiff has not provided any information regarding what notice he was given

19  prior to his hearing. However, to the extent that plaintiff's allegation is that he was unaware at the

20  time of the hunger strike that participation in the strike was sanctionable conduct, the Due Process

21  Clause of the Fourteenth Amendment does not require that the plaintiff be "on notice" that he might

22  be subject to discipline for such activities.

23        Plaintiff also alleges that he was deprived an impartial disciplinary hearing, in violation of

24  the Fourteenth Amendment.  As stated above, so long as the five minimum Wolff requirements are

25  met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

26  Plaintiff has not alleged sufficient facts to state a cognizable claim for relief for violation of a

27  Fourteenth Amendment due process clause.

28        G.    Plaintiff's Eighth Amendment Conditions of Confinement Claim

1    Plaintiff alleges that while housed in administrative segregation at SATF, defendants failed

2    to provide plaintiff with suitable clothing to wear for outdoor activities.  Plaintiff alleges that from

3    October through March, plaintiff was only permitted to wear one pair of pants, one short sleeve shirt,

4    underclothing, and shoes made of thin fabric.  Plaintiff alleges that his outdoor exercise time would

5    last for up to four and a half hours, during which time plaintiff would not be permitted back indoors.

6    Plaintiff alleges that the temperature would frequently dip below 50 degrees, and sometimes below

7    40 degrees.  Plaintiff alleges that as a result, he suffered from hypothermia and severe pain.  Plaintiff

8    alleges that his requests for additional clothing were denied by defendants Schottegen and Fields.

9    To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

10   conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman,

11   452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials

12   must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

13   Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,

14   1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of

15   confinement, prison officials may be held liable only if they acted with "deliberate indifference to

16   a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

17   The deliberate indifference standard involves an objective and a subjective prong.  First, the

18   alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511

19   U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official

20   must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S.

21   at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane

22   conditions of confinement only if he knows that inmates face a substantial risk of harm and

23   disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Prison officials

24   may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting

25   evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at 844-45.  Mere negligence

26   on the part of the prison official is not sufficient to establish liability, but rather, the official's

27   conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

28   "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

10

Punishment Clause depends upon the claim at issue . . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." <u>Id</u>. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." <u>Id</u>. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." <u>Id</u>. (quotations and citations omitted).

Plaintiff's allegations state a cognizable claim for relief under the Eighth Amendment as against defendants Schottegen and Fields.

H.     <u>Plaintiff's Retaliation Claim Against Defendants Gentry, Turmezei, Sullivan and Carrasco</u>

Plaintiff claims that in September 2006, plaintiff settled a previous civil rights action brought by plaintiff against several prison officials. Shortly afterwards, plaintiff alleges that defendants Gentry and Turmezei retaliated against plaintiff for his litigation activities by fabricating evidence to implicate plaintiff in prison gang activity and in conspiracies to assault staff. Plaintiff alleges that defendants Gentry and Turmezei did so in order to paint plaintiff as a violent person, and to have plaintiff validated as a gang member.

Plaintiff alleges that prior to the settlement, plaintiff had filed many inmate appeals and had assisted other inmates file group appeals. Plaintiff alleges that he continued these activities after his civil rights matter settled, but that many of these inmate appeals were thrown away. Plaintiff alleges that defendants Gentry, Turmezei, Sullivan and Carrasco were aware of his inmate appeals activity, and were aware that plaintiff had written letters to the governor and various prison officials concerning his inmate grievances. In October 2006, plaintiff's property was confiscated while a gang investigation was conducted. Plaintiff claims defendants Gentry and Turmezei initiated the gang validation process in retaliation for plaintiff's filing of grievances and for plaintiff's work as a jailhouse lawyer. Plaintiff alleges that defendants Gentry and Turmezei continued to fabricate allegations against plaintiff, in order to keep him in segregation even after the investigation was

1    completed.

2         With respect to defendants Gentry and Turmezei, the actions complained of are sufficient to

3    give rise to claims under section 1983 for retaliation.

4         However, plaintiff's allegations fall short of stating any cognizable retaliation claims against

5    the defendants Sullivan and Carrasco.  Defendants Sullivan and Carrasco were supervisors over

6    defendants Gentry and Turmezei.  Plaintiff has not alleged any facts linking them to acts or

7    omissions that rise to the level of an adverse action within the meaning of the First Amendment.  See

8    Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004) (only retaliatory conduct that would objectively

9    deter a similarly situated individual of ordinary firmness from exercising his or her constitutional

10   rights constitutes an adverse action for a claim of retaliation; allegations that an officer referred to

11   the plaintiff as an informant and that a sergeant called the plaintiff a rat to his face do not constitute

12   adverse actions and do not make out claims of retaliation) (citations and quotations omitted); see also

13   Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (guards found guilty of charging inmate with a

14   false rules violation and finding him guilty in retaliation for inmate's prior use of the grievance

15   system); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (inmate alleged that he was transferred

16   to a different prison and double-celled in retaliation for exercising his First Amendment rights);

17   Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate alleged that officers

18   labeled him a snitch for petitioning prison and government officials for redress and that, because of

19   this labeling, the inmate was approached by other inmates and threatened with harm); Rizzo v.

20   Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (inmate alleged that he was reassigned out of a

21   vocational class and transferred to a different prison because of his activities as a jailhouse lawyer).

22        I.    Conclusion

23        Plaintiff's complaint states some cognizable claims.  The court will provide plaintiff with the

24   opportunity to file an amended complaint, if plaintiff wishes to do so.

25        If plaintiff does not wish to file an amended complaint and wishes to proceed on the

26   cognizable claims only, Plaintiff may so notify the court in writing.  The court will then issue

27   Findings and Recommendations recommending that the remaining claims and defendants be

28   dismissed from this action, and will forward plaintiff three (3) summons and three (3) USM-285

forms to fill out and return to the court.  Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a.      File an amended complaint curing the deficiencies identified by the court in this order, or

   b.      Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only on the cognizable claims; and

3.      If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    March 7, 2008**                          **/s/ Dennis L. Beck**
                                                                     UNITED STATES MAGISTRATE JUDGE

13