**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-00269-AWI-DLB PC<br><br>ORDER DISREGARDING PLAINTIFF'S MOTION TO CONSIDER SPECIFIC CASE LAW AS UNNECESSARY<br><br>ORDER REQUIRING PLAINTIFF EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Docs. 14 & 16)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.　　Screening Order**

Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on February 20, 2007. (Doc. 1.) Plaintiff filed an amended complaint on February 25, 2007. (Doc. 8.) On March 10, 2008, the Court ordered that Plaintiff either file an amended complaint or notify the Court of willingness to proceed only on claims found to be cognizable. (Doc. 9.) On June 5, 2008, after receiving an extension of time, Plaintiff filed his second amended complaint. (Doc. 16.) Plaintiff's second amended complaint is presently before the Court for screening.

　　**A.　　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

      B.      **Pleading Requirements**

           1.      *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

2

1982)).

### C. Plaintiff's Complaint and Rule 18(a)

Plaintiff is currently a state prisoner at Pelican Bay State Prison in Crescent City, California. Plaintiff was formerly imprisoned at California Substance Abuse Treatment Facility ("SATF") and the California Correctional Institution ("CCI"), where the acts he complains of occurred. Plaintiff names the following defendants regarding the alleged events at SATF: Jeanne Woodford, former director of the California Department of Corrections ("CDCR"); Derral Adams, warden; Eddie Sanchez, Chief Deputy Warden; Lydia Hense, J. Ward, and K. Clark, associate wardens; D. Fulks, former captain and current associate warden; Correctional officer ("C/O") E. Tripp; Correctional Counselor II S. Frauenheim; Correctional Captain T. P. Wan; Correctional Lieutenants A. Lloren, F. P. Fields, and Schottegen; Chief Medical Officer N. Bhatt; and medical doctors Snow and D. Kyle ("SATF defendants"). (Doc. 16, pp. 3-4, ¶¶ 7-22.)

Plaintiff names the following defendants regarding the alleged events at CCI: former warden J. Sullivan; M. Carrasco, associate warden; Correctional lieutenants J. Gentry, K. L. Large, and R. L. Johnson; and C/Os T. Turmezei, D. Blankenship, J. Bellinger, G. Zucker, Adams, and Gronillo ("CCI defendants"). (Id., pp. 4-5, ¶¶ 23-33.)

#### 1. Rule 18(a)

Plaintiff makes allegations regarding events at both SATF and CCI. The Court finds that the events alleged at each prison are unrelated. The Court further finds that the alleged actions of Bhatt, Snow, and Kyle are unrelated to the events alleged against the other SATF defendants, namely retaliation, due process, and conditions of confinement. Plaintiff's complaint thus fails to comply with Federal Rule of Civil Procedure 18(a). "The controlling principle appears in Fed. R. Civ. P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different

suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Though Plaintiff may state cognizable section 1983 claims, Plaintiff's complaint violates Rule 18(a). The Court will focus its analysis on Plaintiff's allegations regarding events at SATF that do not include the allegations against Bhatt, Snow, and Kyle. Plaintiff's claims against defendants N. Bhatt, Snow, D. Kyle, J. Sullivan, M. Carrasco, J. Gentry, K. L. Large, R. L. Johnson, T. Turmezei, D. Blankenship, J. Bellinger, G. Zucker, Adams, and Gronillo are dismissed without prejudice for non-compliance with Rule 18(a). Plaintiff is advised that if he wishes to pursue a section 1983 claim against the CCI defendants as well as against N. Bhatt, Snow, and D. Kyle, Plaintiff should file separate complaints regarding each.

### 2. Plaintiff's Allegations Regarding Retaliation, Due Process, and Conditions of Confinement at SATF

Plaintiff alleges the following regarding events at SATF. Plaintiff was a member of the Men's Advisory Council ("MAC") at SATF. Between April 2002 and February 2004, SATF officials instituted numerous restrictions on the facility in which Plaintiff was housed. On February 27, 2004, Plaintiff and approximately six dozen inmates began a peaceful hunger strike to protest the restrictions. Defendants Fulks and Wan discussed the hunger strike with Plaintiff and other MAC representatives. Fulks and Wan discussed the strike with defendant Clark and told Plaintiff that he was breaking no rules with a hunger strike. On Saturday and Sunday, more inmates joined the hunger strike, which was reported in the media. On Sunday February 29, defendants Adams, Sanchez, Clark, and Fulks held a meeting and decided to lock up Plaintiff and four other spokespersons and to restrict access to the media. (Doc. 16, pp. 8-9, ¶¶ 50-57.)

Plaintiff was placed in segregation. Plaintiff and four inmates were charged with "Conspiracy to Assault Staff and Orchestrating a Hunger Strike." A few weeks later, Plaintiff and these inmates were cleared of conspiracy to assault staff but received disciplinary reports for

inciting a hunger strike. This report was authored by Tripp, reviewed by Wan, and approved by Clark. Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, and Frauenheim all had discussions and meetings regarding Plaintiff's filing of grievances, role in the hunger strike, and disciplinary charges. (Id., pp. 9-10, ¶¶ 60-62.)

Adams, Sanchez, Hense, Ward, Clark, Fulks, Frauenheim, Lloren, Fields, Tripp, and Wan were all aware that Plaintiff was involved in jailhouse lawyer activities. They believed that Plaintiff had orchestrated contacting the media, and organizing a picket of the prison. Each of these defendants was aware that there was no written rule prohibiting participating in, leading, or inciting a peaceful hunger strike. (Id., pp. 10-11, ¶¶ 65-67.)

Defendants Sanchez, Hense, Ward, Frauenheim, Wan, and Lloren participated in Plaintiff's classification reviews from March 2004 to April 2005. Lloren found Plaintiff guilty of inciting a hunger strike. This finding was overturned by a CDCR auditor several weeks later. In November 2004, Plaintiff was re-charged with inciting a hunger strike by Tripp, Wan, and Hense. Fields conducted the disciplinary hearings as well as a prehearing review of the report. Fields changed the charge from inciting a hunger strike to leading a hunger strike, and found Plaintiff guilty. Plaintiff served a twelve-month SHU term from a classification committee chaired by Ward. Plaintiff was then transferred to another prison, allegedly as a result of Plaintiff's filing of grievances and advocacy for inmates. (Id., pp. 11-12, ¶¶ 67-76.) Plaintiff was confined to disciplinary segregation for over fifty-six weeks, as well as received a 12-month SHU term. (Id., pp. 13-14, ¶ 84.)

From February 2004 until April 2005, Plaintiff while confined in segregation was permitted only to wear one t-shirt, one boxers, one pair of socks, and one pair of "Kung Fu" style shoes made of thin fabric. Plaintiff suffers from chronic hypertension and high blood pressure and needs to receive exercise regularly and receive as much fresh air as possible. Plaintiff made numerous requests for more clothing to Schottegen and Fields, but these appeals were denied. Plaintiff as a result of this cold weather suffered from hypothermia, and severe pain to his hands, feet, face, neck, legs and other parts of his body. Adams, Schottegen, and Fields were all aware

that Plaintiff's clothing was inadequate for the outdoors. (Id., pp. 14-16, ¶¶ 88-97.)

Plaintiff claims against Woodford, Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, and Tripp 1) retaliation for Plaintiff's exercise of his First Amendment rights, and 2) denial of due process in placing Plaintiff in disciplinary segregation without fair notice. Plaintiff claims deprivation of due process by Fields for Plaintiff's failure to receive an impartial disciplinary hearing. Plaintiff claims violation of Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment against Schottegen, Fields, Adams, Sanchez, and Ward for Plaintiff's inadequate clothing. (Id., pp. 26-28, ¶¶ 140-148.)

Plaintiff demands a jury trial, and seeks compensatory damages, punitive damages, injunctive relief, and expungement of Plaintiff's c-file for any disciplinary finding that violated Plaintiff's due process. (Id., p. 30.)

**D.  Plaintiff's Claims**

   **1.  *Retaliation***

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v.

1  Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative
2  segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory
3  validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir.
4  1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt v.
5  Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in
6  retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled
7  him a snitch and approached by other inmates and threatened with harm as a result); Rizzo v.
8  Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class
9  and transfer to a different prison)

10         Plaintiff alleges that Adams, Sanchez, Clark, and Fulks decided to lock up Plaintiff in
11  segregation. (Doc. 16, p. 9, ¶ 57.)  Plaintiff alleges that defendant Tripp authored the
12  disciplinary report, which was reviewed by Wan and approved by Clark.  (Id., ¶ 61.)  Plaintiff
13  alleges that Sanchez, Hense, Ward, Frauenheim, Wan, Lloren, and Fields participated in the
14  classification reviews and continued to keep Plaintiff in segregation due to Plaintiff's filing of
15  grievances, complaints, and jailhouse lawyer activities. (Doc. 16, p. 11, ¶¶ 67, 72.)  Plaintiff
16  alleges that he was placed in segregation for his jailhouse lawyer activities, participation in the
17  hunger strike, and filing of grievances.  (Id., pp. 26-27, ¶¶ 140-45.)  Plaintiff has stated a
18  cognizable retaliation claim against Adams, Sanchez, Hense, Ward, Clark, Fulks, Frauenheim,
19  Fields, Tripp, Lloren, and Wan.

20         Plaintiff's allegations against Woodford appear solely based on a supervisorial role.
21  Supervisory personnel are generally not liable under section 1983 for the actions of their
22  employees under a theory of respondeat superior and, therefore, when a named defendant holds a
23  supervisorial position, the causal link between him and the claimed constitutional violation must
24  be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
25  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim
26  for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some
27  facts that would support a claim that supervisory defendants either: personally participated in the
28  alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges that Woodford condoned a policy of opposing investigation into prison official misconduct. (Doc. 16, pp. 24-25, ¶ 132.) Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted). Plaintiff's allegations against Woodford amount at most to a respondeat superior theory, which is insufficient to state a cognizable retaliation claim under section 1983.

### 2.   *Due Process*

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Plaintiff sufficiently alleged that confinement in disciplinary segregation differs materially from the general population. (Doc. 16, p. 14, ¶ 85.) The only question then is whether Plaintiff received sufficient procedural due process.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they

1  rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses
2  and present documentary evidence in his defense, when permitting him to do so would not be
3  unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the
4  prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71.
5  As long as the five minimum Wolff requirements are met, due process has been satisfied.
6  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

7        Plaintiff alleges that he failed to receive fair notice that a hunger strike was sanctionable
8  conduct. (Doc. 16, pp. 27-28, ¶ 146.) Plaintiff also alleges that Fields failed to give Plaintiff an
9  impartial disciplinary hearing. (Id., p. 28, ¶ 147.) The Court notes that Plaintiff cites to Title 15
10 of the California Code of Regulations in support of his due process allegations. (Doc. 16, p. 13,
11 ¶¶ 78-79.) However, Plaintiff is pursuing a claim under section 1983 for violation of his rights
12 under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.
13 The provision for certain procedural protections under state law does not work to enlarge the
14 protections Plaintiff is due under federal law. See Sweaney v. Ada County, Idaho, 119 F.3d
15 1385, 1391 (9th Cir. 1997).

16       The Court had informed Plaintiff in a previous order that the Due Process Clause of the
17 Fourteenth Amendment does not require that Plaintiff be on notice that he is subject to discipline
18 for such activities. (Doc. 9, p. 9:19-22.) Plaintiff is not entitled under the Due Process Clause of
19 the Fourteenth Amendment to receive notice that a hunger strike is sanctionable activity prior to
20 engaging in that activity. "Part of the function of notice is to give the charged party a chance to
21 marshal the facts in his defense and to clarify what the charges are, in fact." Wolff, 418 U.S. at
22 564. Plaintiff is entitled to written notice of the charges against him prior to his disciplinary
23 hearing. Id. To the extent that Plaintiff's allegation is that he was unaware at the time of the
24 hunger strike that participation in the strike was sanctionable conduct, the Due Process Clause of
25 the Fourteenth Amendment does not require that the plaintiff be "on notice" that he might be
26 subject to discipline for such activities.

27       Plaintiff's assertion that he did not receive an impartial disciplinary hearing officer are
28 not sufficient to state a due process violation under the Due Process Clause of the Fourteenth

Amendment. As stated above, so long as the five minimum <u>Wolff</u> requirements are met, due process has been satisfied. <u>Walker v. Sumner</u>, 14 F.3d 1415, 1420 (9th Cir. 1994). Plaintiff thus fails to state a cognizable due process claim under section 1983.[1]

### 3.   *Conditions of Confinement*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Id</u>.; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." <u>Farmer</u>, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. <u>Id</u>. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. <u>Id</u>. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. <u>Id</u>. at 835; <u>Frost</u>, 152 F.3d at 1128.

---

[1] Plaintiff filed a "Request to Consider Specific Case Law in Its Screening of Plaintiff's Second Amended Complaint." (Doc. 14.) Plaintiff cites to United States Supreme Court and Ninth Circuit cases to contend that his due process rights had been violated. The Court has considered these cases and finds that they do not change the analysis here. The Court considers all relevant case law when screening a plaintiff's complaint. Plaintiff's motion is HEREBY ORDERED DISREGARDED as unnecessary.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff alleges that he was deprived of adequate clothing. Plaintiff alleges that he made numerous requests to Schottegen and Fields for additional clothing, but was denied. (Doc. 16, pp. 14-15, ¶¶ 89-93 and p. 28, ¶ 148.) Plaintiff states a cognizable Eighth Amendment claim against Schottegen and Fields.

Plaintiff also alleges violations against Adams, Hense, Sanchez and Ward. (Doc. 16, p. 28, ¶ 148.) Plaintiff fails to link any acts or omissions allegedly committed by Sanchez, Hense, and Ward that violated Plaintiff's Eighth Amendment rights. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976).

Plaintiff alleges that Adams knew that prisoners in disciplinary segregation do not receive adequate clothing. Adams had allegedly denied a prison grievance filed by Plaintiff regarding this issue. (Doc. 16, p. 15, ¶ 94.) This is not sufficient to state a cognizable claim. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citing Greeno

v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005)).  Plaintiff thus fails to state a cognizable Eighth Amendment claim against Adams, Hense, Sanchez, and Ward.

## II.     Conclusion

Plaintiff has stated a cognizable claim against 1) defendants Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields and Tripp for retaliation in violation of Plaintiff's First Amendment rights and 2) defendants Schottegen and Fields for violation of Plaintiff's Eighth Amendment rights.  Plaintiff fails to state any cognizable claims against defendant Woodford.  Plaintiff's claims against defendants N. Bhatt, Snow, D. Kyle, J. Sullivan, M. Carrasco, J. Gentry, K. L. Large, R. L. Johnson, T. Turmezei, D. Blankenship, J. Bellinger, G. Zucker, Adams, and Gronillo are dismissed without prejudice for non-compliance with Federal Rule of Civil Procedure 18(a).  The Court grants Plaintiff leave to file a third amended complaint within thirty days.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendants Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, Tripp, and Schottegen, Plaintiff may so notify the Court in writing.  The Court will then issue a Findings and Recommendations recommending that defendants Woodford, N. Bhatt, Snow, D. Kyle, J. Sullivan M. Carrasco, J. Gentry, K. L. Large, R. L. Johnson, T. Turmezei, D. Blankenship, J. Bellinger, G. Zucker, Adams, and Gronillo be dismissed from this action, and will forward Plaintiff twelve summonses and twelve USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend his complaint, Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
2  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal
3  rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the
4  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
5  ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).
6  Plaintiff is further advised that an amended complaint supercedes the original complaint,
7  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
8  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
9  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an
10 original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d
11 at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord
12 Forsyth, 114 F.3d at 1474.
13 The Court provides Plaintiff with one final opportunity to amend to cure the deficiencies
14 identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
15 Plaintiff may not change the nature of this suit by adding new, unrelated claims in his third
16 amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
17 complaints).
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File a third amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file a amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **February 3, 2009**                    /s/ **Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE