# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:07-cv-00269-AWI DLB PC<br><br>ORDER FINDING SERVICE OF THIRD AMENDED COMPLAINT APPROPRIATE, AND REQUIRING PLAINTIFF TO COMPLETE SERVICE WITHIN ONE-HUNDRED TWENTY DAYS<br><br>(Doc. 19) |

**Order Directing Plaintiff to Initiate Service of Process**

Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 20, 2007. The Court has screened Plaintiff's third amended complaint pursuant to 28 U.S.C. § 1915A and finds that it states cognizable claims for relief under section 1983 against Defendants Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields and Tripp for retaliation in violation of the First Amendment of the United States Constitution and against Defendants Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Lloren, Fields and Tripp for failing to provide fair notice of prohibited conduct before taking/enforcing disciplinary action, in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff also states cognizable claims against defendants Adams, Schottegen, and Fields for violation of the Eighth Amendment with regards to Plaintiff's allegations of inadequate clothing. Finally, the Court cannot find at this time that Plaintiff does not state a cognizable claim against defendant Fields for failing to act as an impartial fact finder during the

1

disciplinary process, in violation of the Due Process Clause. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

Plaintiff paid the filing fee in full for initiating this action. Because Plaintiff is not proceeding in forma pauperis, it is Plaintiff's responsibility to effect service of the summons and third amended complaint on Defendants Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, Tripp and Schottegen. The Clerk of the Court will be directed to issue twelve summonses to Plaintiff for the purpose of service of process. Fed. R. Civ. P. 4.

Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 within one-hundred twenty (120) days from the date of service of this order. Plaintiff shall serve a copy of this order on each defendant together with a copy of the summons and third amended complaint. The following two sections contain instructions on how to serve Defendants.

**I.  Waiver of Service**

Pursuant to Rule 4(d)(2), Plaintiff may (but is not required to) notify Defendants Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, Tripp and Schottegen of the commencement of this action and request that they waive service of the summons. Fed. R. Civ. P. 4(d)(2). If Plaintiff wishes to do this, he must mail each defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," and (3) a copy of the third amended complaint. The documents must be addressed directly to each defendant (not the Attorney General's Office) and must be dispatched (mailed) through first-class mail. The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each defendant at least thirty (30) days in which to return the waiver to Plaintiff. If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the forms with the Court. After filing the forms with the Court, Plaintiff need not take any further steps to serve Defendants. Fed. R. Civ. P. 4(d)(4).

**II.  Personal Service**

If either (1) Plaintiff does not wish to request Defendants to waive service or (2) one or more of the defendants fail to return the Waiver of Service of Summons form to Plaintiff, Plaintiff must have personal service effected on Defendants. Each defendant must be personally served with a

summons and copy of the third amended complaint, along with a copy of this order. <u>Plaintiff may not effect personal service himself.</u> Fed. R. Civ. P. 4(c). <u>Service may be effected by any person who is not a party to this action and who is at least eighteen years old.</u> Id. The Court will provide Plaintiff with a copy of Rule 4 along with this order. Plaintiff should review Rule 4(e)(2), which addresses how personal service may be effected.

### III. Conclusion and Order

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send Plaintiff twelve (12) summonses.
2. The Clerk is further directed to send Plaintiff:
   a) One (1) copy of the third amended complaint filed March 16, 2009;
   b) One (1) copy of the form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons;"
   c) One (1) copy of the form entitled "Waiver of Service;"
   d) One (1) copy of the form entitled "Consent to Proceed Before United States Magistrate Judge" with instructions; and
   e) One (1) copy of Rule 4 of the Federal Rules of Civil Procedure
3. Plaintiff shall complete service of process on Defendants Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, Tripp and Schottegen within **one-hundred twenty (120) days** from the date of service of this order. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on Defendants at the time of service of the summons and third amended complaint; and

///
///
///
///
///
///

3

4. Plaintiff's failure to timely complete service of the third amended complaint on Defendants Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, Tripp and Schottegen may result in dismissal of this action. Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated: **April 22, 2009**                    **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE