# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE, | CASE NO. 1:07-cv-00269-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S CLAIMS BE DISMISSED |
| v. | |
| JEANNE WOODFORD, et al., | (Docs. #37, 51, 60) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On September 4, 2009, Defendants Adams, Clark, Frauenheim, Hense, Lloren, Schottgen, Tripp, and Wan filed a motion to dismiss on the grounds that Plaintiff's claims are barred by the applicable statute of limitations. (Doc. #37.) Defendants Fulks, Fields, and Ward joined the motion to dismiss on May 24, 2010.[1] (Doc. #67.) On November 25, 2009, Plaintiff filed an opposition to Defendants' motion to dismiss along with a motion requesting that the Court excuse Plaintiff's late filing.[2] (Doc. #51, 52, 53.) On January 6, 2010, Defendants filed a reply to Plaintiff's opposition. (Doc. #59.) On February 1, 2010, Plaintiff filed a motion requesting that the Court strike portions of Defendants' reply because it raised new arguments and further requested that the Court allow Plaintiff to supplement his opposition with new arguments. (Doc. #60.) For the

---

[1]Defendant Sanchez is the only defendant who has not joined the motion to dismiss. Sanchez has not made an appearance in this action.

[2]Plaintiff's opposition was due on November 17, 2009, pursuant to an extension of time granted on October 15, 2009. (Doc. #43, 44.)

1

reasons set forth below, the Court finds that Plaintiff's claims are barred by the statute of limitations and recommends that Plaintiff's complaint be dismissed.

## I.   Background

### A.   Plaintiff's Claims

This action proceeds on Plaintiff's third amended complaint, filed on March 16, 2009.  (Doc #19.)  Plaintiff claims that Defendants retaliated against Plaintiff for filing grievances against prison officials and for Plaintiff's activities as a jailhouse lawyer.  At the time of the events described in his complaint, Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF").  (Third Am. Compl. ¶ 1.)  Plaintiff alleges that he was elected as a member of the "Men's Advisory Council" as an "inmate representative."  (Third Am. Compl. ¶ 18.)  The Men's Advisory Council represents inmates by voicing concerns and complaints to the warden and other prison officials.  (Third Am. Compl. ¶ 18.)  On February 27, 2004, approximately six dozen inmates, including Plaintiff, engaged in a hunger strike in response to restrictive policies that were implemented by prison officials between April 2002 and February 2004.  (Third Am. Compl. ¶¶ 19-20.)

Plaintiff presented the inmates' grievances to Defendants Fulks and Wan.  (Third Am. Compl. ¶ 21.)  Fulks told Plaintiff that if the hunger strike did not end, there would be repercussions.  (Third Am. Compl. ¶ 21.)  Other inmates joined the hunger strike and local newspapers published articles about the hunger strike and the inmates' complaints.  (Third Am. Compl. ¶ 23.)  On February 29, 2008, Defendants Adams, Sanchez, Clark, and Fulks decided to "lock up" Plaintiff and limit their access to the media.  (Third Am. Compl. ¶ 24.)  Adams, Sanchez, Clark, and Fulks told the chairman of the Men's Advisory Council that Plaintiff and two other fasting inmates were being transferred to Pelican Bay State Prison, the "most severe segregation unit."  (Third Am. Compl. ¶ 25.)  Plaintiff complains that a "SHU term" (segregated housing unit term) can only be given to an inmate that is found guilty of serious misconduct.  (Third Am. Compl. ¶ 26.)  Plaintiff was charged with "Conspiracy to Assault Staff and Orchestrating A Hunger Strike" and was placed in segregation.  (Third Am. Compl. ¶ 27.)  Plaintiff was "exonerated" of the conspiracy to assault staff charge but received a disciplinary report for "Inciting A Hunger Strike."  (Third Am. Compl. ¶ 28.)  Plaintiff complains that there is no written rule prohibiting the participation in a hunger strike.  (Third Am.

Compl. ¶ 33.)  Plaintiff argues that he was placed in segregation and charged with disciplinary violations in retaliation for Plaintiff's history of filing grievances and acting as a jailhouse lawyer. (Third Am. Compl. ¶ 34.)

Plaintiff was eventually found guilty of the disciplinary charge on February 3, 2005.  (Third Am. Compl. ¶ 39.)  Plaintiff received a twelve (12) month SHU term and was transferred to another prison.  (Third Am. Compl. ¶ 42.)  Plaintiff contends that his transfer was in retaliation for his activities as an advocate serving on behalf of other inmates.  (Third Am. Compl. ¶ 43.)  Plaintiff also contends that his confinement in disciplinary segregation for more than 56 weeks and the imposition of a 12 month SHU term constituted a deprivation of a liberty interest protected under the Due Process Clause.  (Third Am. Compl. ¶ 51.)  Plaintiff argues that his due process rights were violated because he was deprived of this liberty interest as a punishment for conduct that was not clearly prohibited under prison rules.  Plaintiff complains that prison officials did not give Plaintiff reasonable notice that participating in a hunger strike was sanctionable conduct.

Plaintiff also complains that when he was housed in segregation from February 2004 to April 2005, he was not given adequate clothing.  (Third Am. Compl. ¶¶ 55-75.)  Plaintiff complains that the thin clothing he was given was inadequate to protect him during periods of cold weather.  (Third Am. Compl. ¶ 58.)  Plaintiff filed grievances about the inadequate clothing, but they were ignored by Defendant Schottgen, Fields, and Adams.  Plaintiff contends that the denial of adequate clothing constituted cruel and unusual punishment prohibited by the Eighth Amendment.

On April 23, 2009, the Court screened Plaintiff's complaint and found that Plaintiff stated cognizable claims for relief under Section 1983 against: (1) Defendants Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, and Tripp for retaliation against Plaintiff's exercise of his First Amendment rights, (2) Defendants Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Lloren, Fields, and Trip for violation of the Due Process Clause of the Fourteenth Amendment, and (3) Defendants Adams, Schottgen, and Fields for failing to provide Plaintiff with adequate clothing in violation of the Eighth Amendment.[3]

[3] At the time Defendants' motion to dismiss was filed, Defendants Sanchez, Ward, Fulks, and Fields had not yet been served.  Sanchez, Ward, Fulks, and Fields have not joined Defendants' motion to dismiss.

1       **B.      Defendants' Motion to Dismiss**

2          In their motion to dismiss, Defendants argue that Plaintiff's claims should be dismissed on

3   the grounds that Plaintiff's claims are barred by the applicable statute of limitations.  (Defs.' Not.

4   of Mot. and Mot. to Dismiss 1:21-24.)  Defendants argue that the applicable statute of limitations

5   for Plaintiff's claims is two (2) years.  (Mem. of P. & A. in Supp. of Mot. to Dismiss 2:10-3:6.)

6   Defendants note that Plaintiff filed this action on February 20, 2007 and, therefore, any claim based

7   on events occurring prior to February 20, 2005 is barred by the statute of limitations.  (P. & A. in

8   Supp. of Mot. to Dismiss 4:4-6.)

9          With respect to Plaintiff's due process claims, Defendants argue that the final disciplinary

10  hearing was conducted on February 3, 2005.  (P. & A. in Supp. of Mot. to Dismiss 4:18-21.)  It was

11  at that hearing where Plaintiff was given a twelve (12) month SHU term and transferred to Pelican

12  Bay.  (P. & A. in Supp. of Mot. to Dismiss 4:18-21.)

13         With respect to Plaintiff's retaliation claims, Defendants argue that there are no allegations

14  in Plaintiff's third amended complaint of any retaliatory act occurring after February 19, 2005.  (P.

15  & A. in Supp. of Mot. to Dismiss 4:25-27.)

16         With respect to Plaintiff's Eighth Amendment claims, Defendants argue that Plaintiff's

17  claims should be limited to the time Plaintiff was confined in segregation after February 20, 2005.

18  (P. & A. in Supp. of Mot. to Dismiss 5:1-13.)  Plaintiff claims that he was confined in segregation

19  without adequate clothing between February 2004 and April 2005.  (P. & A. in Supp. of Mot. to

20  Dismiss 5:2-3.)

21      **C.      Plaintiff's Opposition**

22         In his opposition, Plaintiff contends that his claims are not untimely because he was a victim

23  of a pattern of retaliation and harassment and the statute of limitations period should not begin to

24  accrue until the retaliation and harassment stops.  (Pl.'s Opp'n to Mot. to Dismiss; Decl. of Pl. 1.)

25  Further, Plaintiff argues that the statute of limitations period should be tolled and that Plaintiff

26  should be given an opportunity to present extrinsic evidence to support his tolling argument.  (Opp'n

27  1.)

28  ///

4

1    Plaintiff contends that Defendants' actions constitute an ongoing campaign of retaliation and

2    that the limitations period should not accrue until the retaliation stops.  (Opp'n 3.)  With respect to

3    his Eighth Amendment claims, Plaintiff contends that the deprivation of sufficient clothing was also

4    an ongoing constitutional violation and that his claims should be regarded as timely.  (Opp'n 4.)

5    Plaintiff also argues that the relevant statute of limitations should be tolled during the period

6    of time when Plaintiff was exhausting his administrative remedies.  (Opp'n 4.)  Plaintiff contends

7    that he filed appeals in November 2004 and March 2005 that took more than six (6) months to

8    exhaust.  (Opp'n 4.)

9    Finally, Plaintiff argues that he should not be required to plead facts regarding the exhaustion

10   of his administrative remedies.  (Opp'n 5.)  Plaintiff also contends that he can support his claim for

11   tolling of the limitations period with extrinsic evidence outside the pleadings and the Court should

12   not rule on the statute of limitations issue on a motion to dismiss.  (Opp'n 5.)

13       **D.**  **Defendants' Reply**

14   In their reply, Defendants argue that the continuing violation doctrine is not applicable to this

15   case and Plaintiff's claims are untimely.  (Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss 2:11-5:3.)

16   Defendants contend that Plaintiff's retaliation claims accrued on February 29, 2004.  (Reply 2:13-

17   14.)  Defendants argue that Plaintiff alleged that the decision to transfer Plaintiff to Pelican Bay and

18   be confined in the SHU was made on February 29, 2004.  (Reply 3:7-10.)  Defendants further argue

19   that the events after February 29, 2004 were merely the inevitable consequence of Defendants'

20   decision to retaliate against Plaintiff.  (Reply 3:14-18.)  Defendants also argue that the continuing

21   violation doctrine alluded to in Plaintiff's opposition does not apply to this case because it only

22   applies in instances of a systemic policy of discrimination.  (Reply 3:19-4:18.)  Defendants similarly

23   contend that the continuing violation doctrine does not apply to Plaintiff's Eighth Amendment claims

24   based on the lack of adequate clothing.  (Reply 4:19-5:3.)

25   Defendants further argue that tolling does not save Plaintiff's retaliation claims.  (Reply 5:13-

26   6:7.)  Defendants contend that the administrative appeals referred to by Plaintiff concern only his due

27   process claim and his inadequate clothing claim.  (Reply 5:8-12.)  Defendants argue that the

28   exhaustion of those appeals does not toll the limitations period for his retaliation claims.  (Reply 6:5-

1  7.)  Defendants further argue that, irrespective of the applicability of tolling, "at least a portion of

2  Plaintiff's Eighth Amendment claim is barred by the statute of limitations."  (Reply 6:8-24.)

3  Defendants also raise the new argument that Plaintiff failed to exhaust his administrative

4  remedies with respect to his Eighth Amendment claims.  (Reply 7:1-8:23.)  Defendants contend that

5  Plaintiff is required to file an appeal within fifteen (15) days of the event or decision that is the

6  subject of the appeal.  (Reply 7:17-18.)  Plaintiff filed his appeal related to his Eighth Amendment

7  claims on January 7, 2005.  (Reply 7:14.)  Defendants argue that Plaintiff failed to properly exhaust

8  his administrative remedies for any claim premised on the violation of Plaintiff's Eighth Amendment

9  rights that occurred prior to December 22, 2004, which is fifteen (15) working days prior to the date

10  Plaintiff filed his appeal.  (Reply 8:19-23.)

11  Finally, Defendants argue that the Court is not being asked to consider matters outside the

12  pleadings when ruling on their motion to dismiss and it is therefore proper for the Court to rule on

13  their motion to dismiss.  (Reply 8:24-9:25.)

14  **II.**   **Discussion**

15  **A.**   **The Timing of Plaintiff's Opposition**

16  Plaintiff's opposition to Defendants' motion to dismiss was due on November 17, 2009.

17  Plaintiff's opposition was filed on November 25, 2009.  (Doc. #53.)  Plaintiff filed a motion

18  requesting the Court to regard his opposition as timely filed.  (Doc. #51.)  The Court will grant

19  Plaintiff's motion and will regard the opposition as timely filed.

20  **B.**   **Plaintiff's Motion to Strike Defendants' Reply and Supplement His Opposition**

21  On January 6, 2010, Defendants filed a reply to Plaintiff's opposition.  (Doc. #59.)  On

22  February 1, 2010, Plaintiff filed a motion requesting that the Court strike portions of Defendants'

23  reply because it raised a new theory of accrual, raised new defenses regarding Plaintiff's failure to

24  exhaust, raised arguments and evidence regarding when Plaintiff filed his appeal regarding

25  inadequate clothing, and mis-characterized the CDCR inmate appeals process.  (Doc. #60.)

26  Plaintiff's motion also requested permission to supplement his opposition with new arguments

27  regarding the accrual and tolling of the statute of limitations.

28  ///

6

1    The Court finds that it is unnecessary to strike portions of Defendants' reply. Defendants did

2    not raise a "new theory" regarding accrual; they instead raised arguments in reply to Plaintiff's

3    allegations that the continuing violations doctrine applied to save his claims from the statute of

4    limitations. The purpose of a reply is to respond to Plaintiff's opposition. If Defendants were

5    prohibited from raising arguments not raised in their motion to dismiss in reply to Plaintiff's

6    opposition, there would be no point in filing a reply. Defendants' argument regarding the tolling of

7    Plaintiff's claims is sufficiently related to Defendants' statute of limitations argument raised in their

8    motion to dismiss. Plaintiff should have anticipated Defendants' arguments and Plaintiff fails to

9    demonstrate that the issue requires further briefing from Plaintiff. Thus, the Court will not strike

10    Defendants' arguments simply because they were not raised in their motion to dismiss.

11    However, the Court notes that Defendants' arguments regarding exhaustion could not have

12    been anticipated by Plaintiff because Defendant did not raise the issue of exhaustion in their motion

13    to dismiss. Generally, when a party raises new, <u>unanticipated</u> arguments in a reply, the Court will

14    give the opposing party an opportunity to file a surreply to respond to those arguments. The Court

15    would normally give Plaintiff an opportunity to file a surreply in response to Defendants arguments

16    regarding Plaintiff's failure to exhaust because it would be unfairly prejudicial to dismiss Plaintiff's

17    claims on exhaustion grounds without allowing Plaintiff to file a response. However, the exhaustion

18    argument will not be considered in this findings and recommendations because the Court finds that

19    Plaintiff's claims are barred by the statute of limitations. Accordingly, Plaintiff's motion to strike

20    Defendants' reply and to supplement his opposition will be denied.

21    **C.    <u>Statute of Limitations</u>**

22    Defendants argue that Plaintiff's claims should be dismissed because they are barred by the

23    applicable statute of limitations. Although Section 1983 provides a federal cause of action, the Court

24    looks to the law of the State in which the cause of action arose to determine the length of the statute

25    of limitations. <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007). Under California law, this period is two

26    (2) years. Cal. Code Civ. Proc. § 335.1.

27    ///

28    ///

1          **1.      Accrual**

2          Having established that the relevant statute of limitations for Plaintiff's claims is two (2)

3    years, the Court must now determine when Plaintiff's claims accrued.  Although the Court looks to

4    state law to determine the applicable statute of limitations, "the accrual date of a § 1983 cause of

5    action is a question of federal law that is <u>not</u> resolved by reference to state law."  <u>Wallace</u>, 549 U.S.

6    at 388 (emphasis in original).  "Under federal law, a claim accrues when the plaintiff knows or has

7    reason to know of the injury which is the basis of the action."  <u>Two Rivers v. Lewis</u>, 174 F.3d 987,

8    991 (9th Cir. 1999).  Plaintiff filed this action on February 20, 2007.  Thus, any claim that accrued

9    prior to February 20, 2005, is barred by the statute of limitations.

10         Plaintiff's only allegation regarding conduct that occurred after February 20, 2005 is the

11   allegation that between March 2004 and April 2005, Defendants Sanchez, Hense, Ward, Frauenheim,

12   Wan and Lloren conducted six to eight classification reviews where they retained Plaintiff in

13   segregation "as a pretext to keep Plaintiff in segregation for his filing of grievances. . . ." (Third Am.

14   Compl. ¶ 34, ECF No. 19.)  A classification hearing that took place in April 2005 would have fallen

15   within the applicable limitations period.  All other actions by Defendants are alleged to have

16   occurred prior to February 20, 2005.  Defendants allegedly decided to lock Plaintiff up in response

17   to the hunger strike on February 29, 2004.  Plaintiff was charged and recharged with various

18   disciplinary infractions, allegedly in retaliation against Plaintiff's First Amendment activities,

19   between February 29, 2004 and February 3, 2005.  Multiple disciplinary hearings were conducted

20   after Plaintiff was found guilty at one hearing, only to have the determination later reversed because

21   of unspecified procedural errors.  Ultimately, Plaintiff was found guilty on February 3, 2005 for

22   "leading a hunger strike" and sentenced to a twelve (12) month SHU term and was scheduled to be

23   transferred to another prison.

24         **2.      Continuing Violations Doctrine**

25         Plaintiff argues that the continuing violation doctrine applies to save his claims based on

26   conduct that occurred prior to February 20, 2005.  The continuing violation doctrine is an equitable

27   doctrine designed "to prevent a defendant from using its earlier illegal conduct to avoid liability for

28   later illegal conduct of the same sort."  <u>O'Loghlin v. County of Orange</u>, 229 F.3d 871, 875 (9th Cir.

2000).  To establish a continuing violation, a plaintiff must show "a series of related acts against a single individual . . . that . . . 'are related closely enough to constitute a continuing violation.'" Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480-81 (9th Cir. 1989) (quoting Bruno v. Western Elec. Co., 829 F.2d 957, 961 (10th Cir. 1987)).  However, the mere continuing impact from a past violation is not actionable under the continuing violation doctrine. Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001) (citing Grimes v. City and County of San Francisco, 951 F.2d 236, 238-39 (9th Cir. 1991)).

Plaintiff argues that the continuing violation doctrine applies such that the classification review that occurred in April 2005 refreshes the statute of limitations for the retaliation claims based on Defendants' conduct that occurred prior to February 20, 2005.  The Court rejects Plaintiff's argument.

Plaintiff was notified about the retaliatory charges filed against him as early as February 29, 2004.[4]  Plaintiff was locked up in the SHU and told he would be transferred to Pelican Bay State Prison. Plaintiff was charged with "Conspiracy to Assault Staff and Orchestrating A Hunger Strike." (Third Am. Compl. ¶ 27, ECF No. 19.)  Plaintiff was first formally found guilty of "Inciting a Hunger Strike" at a disciplinary hearing in August 2004.  The results of that hearing were later rescinded and Plaintiff was recharged in November 2004.  The second disciplinary hearing took place on February 3, 2005.

The Court finds that Plaintiff's retaliation and due process claims accrued on February 29, 2004, when Plaintiff was charged and locked in the SHU.  The statute of limitations for Plaintiff's claims was not suspended for the entire time Plaintiff was locked in the SHU because Plaintiff's retention in the SHU was merely the continuing impact from Defendants' alleged initial retaliatory decision to lock Plaintiff in the SHU and charge him with a disciplinary violation.  There is nothing in Plaintiff's complaint that supports the conclusion that the classification committee hearings that periodically took place while Plaintiff was held in the SHU were retaliatory acts that constitute a

---

[4] Plaintiff's third amended complaint alleges that he was informed on February 29, 2008.  (Third Am. Compl. ¶ 24, ECF No. 19.)  The 2008 date is clearly a typographical error as Plaintiff was placed in the SHU in 2004.

1   continuing violation.  Defendants' actions in retaining Plaintiff in the SHU were merely the

2   continuing impact of their initial decision to lock Plaintiff in the SHU on February 29, 2004.

3   Similarly, the disciplinary hearings and rehearings were also the continuing impact of Defendants'

4   initial decision to charge Plaintiff with disciplinary violations on February 29, 2004.  Defendants

5   allegedly retaliated against Plaintiff on February 29, 2004.  The events that followed were the

6   continuing impact of that decision.

7       Defendants correctly analogize the facts of this case to the facts in <u>Knox v. Davis</u>, 260 F.3d

8   1009 (9th Cir. 2001).  In that case, Knox brought suit under Section 1983 after the California

9   Department of Corrections withdrew her legal mail and visitation privileges with respect to all

10  correctional facilities and inmates.  The Ninth Circuit held that Knox's claims accrued when she

11  received the letter from the California Department of Corrections notifying her that her privileges

12  were withdrawn.  The Ninth Circuit held that the continuing violations doctrine did not apply and

13  that the limitations period did not restart every time Knox was denied visitation or mail privileges.

14      Similarly, in <u>Delaware State College v. Ricks</u>, 449 U.S. 250 (1980), the Supreme Court held

15  that the continuing violation doctrine did not save a plaintiff's racial discrimination claim.  Ricks

16  argued that he was denied tenure on the basis of his race and was later terminated from employment.

17  The Supreme Court noted that when Ricks was denied tenure, he was subject to a "terminal" contract

18  to teach one additional year before the employment relationship would be terminated.  The Supreme

19  Court held that the statute of limitations accrued when Ricks was notified that he would not receive

20  tenure and the continuing violations doctrine did not restart the limitations period when Ricks was

21  terminated a year later.

22      Plaintiff had notice of all the facts necessary to allege his retaliation and due process claims

23  when Defendants retaliated against him on February 29, 2004.  Since the statute of limitations bars

24  all claims that accrued prior to February 20, 2005, Plaintiff's retaliation and due process claims are

25  barred by the applicable statute of limitations.

26      Similarly, Plaintiff's Eighth Amendment claims are also barred by the statute of limitations.

27  Plaintiff's Eighth Amendment claims are based on the fact that when Plaintiff was placed in the

28  SHU, he was denied adequate clothing and his health was at risk when the weather was cold.

1    Plaintiff was placed in the SHU without adequate clothing in February 2004.  Thus, Plaintiff had

2    notice of the allegedly unconstitutional clothing policy for SHU inmates in February 2004.

3    Plaintiff's subsequent time in the SHU without adequate clothing was merely the delayed, inevitable

4    consequence of Plaintiff's placement in the SHU in February 2004.  As such, the continuing

5    violations doctrine does not apply to Plaintiff's Eighth Amendment claim.  Plaintiff's Eighth

6    Amendment claim accrued in February 2004 and is barred by the statute of limitations.

7            **3.    <u>Tolling</u>**

8            Plaintiff correctly asserts that the statute of limitations should be tolled while Plaintiff

9    completes a mandatory exhaustion process.  <u>Brown v. Valoff</u>, 422 F.3d 926, 935 (9th Cir. 2005).

10   However, it is equally true that "[i]n ruling on a motion to dismiss, a district court generally 'may

11   not consider any material beyond the pleadings.'"  <u>Cooper v. Pickett</u>, 137 F.3d 616, 622 (9th Cir.

12   1998) (quoting <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994)).  By extension, "plaintiffs

13   seeking to toll the statute of limitations on various grounds must have included the allegation in their

14   pleadings. . . ."  <u>Wasco Products, Inc. v. Southwall Technologies, Inc.</u>, 435 F.3d 989, 991 (9th Cir.

15   2006).  The Ninth Circuit held that "this rule applies even where the tolling argument is raised in

16   opposition to summary judgment."  <u>Id.</u>  Plaintiff is raising the facts giving rise to tolling for the first

17   time in his opposition to Defendants' motion to dismiss.  The facts giving rise to tolling do not

18   appear anywhere in Plaintiff's complaint.  Plaintiff vaguely alleges that he "has exhausted his

19   administrative remedies with respect to all claims brought [in his third amended complaint]."  (Third

20   Am. Compl. ¶ 75, ECF No. 19.)

21          The Court finds that the vague allegation that Plaintiff exhausted his administrative remedies

22   is not sufficient to toll the applicable statute of limitations.  Plaintiff failed to plead any facts in his

23   complaint that show when he exhausted, how he exhausted, or how long it took to exhaust his

24   administrative claims.  Further, Plaintiff is raising multiple claims in this action and it is unclear

25   when he exhausted each claim and whether he attempted to exhaust them all simultaneously or

26   whether they were exhausted separately.  Thus, the Court will dismiss Plaintiff's complaint.

27   ///

28   ///

                                                    11

1

**D.**   **Plaintiff's Claims Are Not Curable Through Further Amendment**

2      The Court notes that the failure to plead facts in the complaint that would give rise to tolling

3 is a defect that would normally be curable through amendment of the complaint.  See Lopez v.

4 Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend

5 should be granted even if no request to amend was made unless the court determines that the

6 pleading could not possibly be cured by the allegation of other facts); Ferdik v. Bonzelet, 963 F.2d

7 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff

8 regarding deficiencies in prior order dismissing claim with leave to amend); Noll v. Carlson, 809

9 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint

10 unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

11 However, the Court also notes that the facts identified by Plaintiff would not have tolled his claims

12 long enough to save them from dismissal.  Plaintiff's claims accrued on February 29, 2004 and the

13 limitations period bars all claims that accrued before February 20, 2005.  Plaintiff's claims are

14 untimely by almost a year.  Tolling would not save Plaintiff's claims unless Plaintiff spent nearly a

15 year exhausting his administrative remedies.

16      Plaintiff noted in his opposition that he filed administrative appeals twice, once in November

17 2004 and once in March 2005, and that each appeal took more than six (6) months to exhaust.

18 Plaintiff argues that the time he spent exhausting his appeal would toll his claims and make them

19 timely.  Although the subject matter of those two appeals is unclear, they would have tolled the

20 statute of limitations for a period of six months at the most.  The Court notes that Plaintiff's time

21 spent exhausting two separate appeals would not have cumulatively tolled the statute of limitations

22 for one year.  If the two separate appeals dealt with separate issues, they would separately toll the

23 statute of limitations for those claims for six months.  For example, if Plaintiff filed an appeal

24 regarding the Eighth Amendment issue that took six months to exhaust and filed a second appeal

25 regarding the due process issue that took six months exhaust, the two appeals would not

26 cumulatively toll both claims for one year.  The first appeal would only toll his Eighth Amendment

27 claim for six months and the second appeal would only toll his due process claim for six months.

28 The two claims would be tolled separately, and they would not be added together to toll all of

Plaintiff's claims for one year.

Alternatively, if Plaintiff filed two appeals that dealt with the same issue, the second appeal would not toll the statute of limitations because the statute of limitations would not be tolled if Plaintiff's second appeal involved an issue that Plaintiff already exhausted. Plaintiff cannot indefinitely extend the statute of limitations by repetitively filing administrative appeals about the same issue. Presumably, Plaintiff's first appeal exhausted his administrative remedies for the purpose of the exhaustion requirement. Any appeal filed after the first appeal does not toll the statute of limitations because the appeal was not a prerequisite to filing suit.

Plaintiff alleges further facts concerning tolling in his motion to strike Defendants' reply and his reply to Defendants' opposition to the motion to strike. Plaintiff argues that he can demonstrate facts regarding his "multiple exhaustion of inmate appeals on retaliation." (Pl.'s Mot. to Supplement Opp'n to Dismissal and Mot. to Strike Portions of Defs.' Reply to Opp'n; Decl. 4, ECF No. 60.) Plaintiff vaguely alleges "that there is other substantial and relevant evidence outside the complaint that impacts accrual dates [and] tolling time periods. . . ." (Pl's Mot. to Supplement 4, ECF No. 60.) Plaintiff also references a "citizen complaint" filed by his fiancee. Plaintiff argues that the complaint is somehow relevant to the issue of tolling.

As noted earlier, Plaintiff cannot indefinitely toll the statute of limitations on his claims by filing multiple inmate appeals. The statute of limitations will only be tolled during the period of time when Plaintiff was participating in the exhaustion process mandated by the Prison Litigation Reform Act. Notably, Plaintiff has not argued that he filed an administrative appeal regarding the claims being brought in this action that took nearly one year to exhaust.

Similarly, the "citizen complaint" filed by Plaintiff's fiancee has nothing to do with the Prison Litigation Reform Act's exhaustion requirement. The statute of limitations is not tolled because Plaintiff's girlfriend mailed a letter to the director of CDCR.

Given the arguments raised by Plaintiff, it is clear that Plaintiff is unable to allege facts that would give rise to tolling. Even if Plaintiff were to amend his complaint to plead the same facts that Plaintiff argued in his opposition to Defendants' motion to dismiss, his motion to strike, and his reply to Defendants' opposition to his motion to strike, Plaintiff would not be able to allege facts that

would save his claims from the statute of limitations.  Accordingly, the Court will recommend that Plaintiff's complaint be dismissed without leave to amend.

**III.    Conclusion and Recommendation**

The Court finds that Plaintiff's claims are barred by the statute of limitations.  Plaintiff's claims accrued in February 2004 when Plaintiff was first given notice of the disciplinary charges against him and locked in the SHU pursuant to those charges.  The Court further finds that Plaintiff has not alleged any facts in his complaint suggesting that tolling would apply to save Plaintiff's claims from the statute of limitations.  The Court finds that the deficiency in Plaintiff's complaint cannot be cured by further amendment.

Accordingly, it is HEREBY RECOMMENDED that:

1.    Plaintiff's motion requesting the Court to regard his opposition to be deemed timely be GRANTED;

2.    Plaintiff's motion to strike Defendants' reply be DENIED;

3.    Defendants' motion to dismiss be GRANTED; and

4.    Plaintiff's claims against Defendants Adams, Clark, Frauenheim, Hense, Lloren, Schottgen, Tripp, Wan, Fulks, Fields, and Ward be dismissed without leave to amend.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 30, 2010**              **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE