1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  VINCENT C. BRUCE, | CASE NO. 1:07-cv-00269-AWI-SKO PC |
| 10  Plaintiff, | ORDER RE MOTIONS |
| 11  v. | (Docs. 79, 80, 81, 82) |
| 12  JEANNE WOODFORD, et al., | and |
| 13  Defendants. | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| 14 | |
| 15 | |
| 16 | (Doc. 79) |
| 17 | OBJECTIONS DUE WITHIN 30 DAYS |

18

19    Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

20  action pursuant to 42 U.S.C. § 1983.  Before the Court are four motions from Plaintiff.

21    On August 27, 2010, Plaintiff filed a motion requesting appointment of counsel, or in the

22  alternative, an order requiring prison officials to provide Plaintiff with adequate law library access.

23  (Doc. # 79.)

24    Plaintiff also filed a motion requesting "limited discovery" to prepare objections to the

25  Findings and Recommendations issued by the Court on August 2, 2010. (Doc. #80.) Plaintiff claims

26  that he needs to request documents from Defendants that will defeat the statute of limitations

27  argument raised in their motion to dismiss.

28

Plaintiff's third motion is a "Request for Guidance on Written Objections to Magistrate's Findings & Recommendations." (Doc. #81.) Plaintiff requests "guidance" on whether he is allowed to submit exhibits with his objections to the findings and recommendations.  Plaintiff also wishes to know whether he may submit a proposed amended complaint with his objections.

Plaintiff's fourth motion is a request for a 60-day extension of time to file objections to the Findings and Recommendations.  (Doc. # 82.)

## I.      Plaintiff's Motions

### A.      Motion for Appointment of Counsel/Law Library Access

On August 27, 2010, Plaintiff filed a motion requesting appointment of counsel or, in the alternative, requesting an order requiring prison officials to provide Plaintiff with adequate time in the law library.

### 1.      Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record

1   in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

2   Plaintiff's request for appointment of counsel will be denied.

3                   **2.    Law Library Access**

4       Plaintiff requests the Court to order prison officials to provide Plaintiff with adequate access

5   to the law library. In essence, Plaintiff is seeking a preliminary injunction.

6       The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

7   so heavily favors the moving party that justice requires the court to intervene to secure the positions

8   until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S.

9   390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to

10  succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

11  that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter

12  v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

13      "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

14  granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v.

15  Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A

16  party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by

17  evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order,

18  the Prison Litigation Reform Act ("PLRA") provides that:

19              [i]n any civil action with respect to prison conditions, to the extent
                otherwise authorized by law, the court may enter a temporary
20              restraining order or an order for preliminary injunctive relief.
                Preliminary injunctive relief must be narrowly drawn, extend no
21              further than necessary to correct the harm the court finds requires
                preliminary relief, and be the least intrusive means necessary to
22              correct that harm.

23  18 U.S.C. § 3626(a)(2).

24      Plaintiff has failed to demonstrate that he qualifies for preliminary injunctive relief. The

25  Court notes that Plaintiff is not likely to succeed on the merits of his claims. The Findings and

26  Recommendations issued on August 2, 2010 found that Plaintiff's claims are untimely and will likely

27  result in the dismissal of most of his claims. The only remaining claim not addressed by the

28  Findings and Recommendations is Plaintiff's claims against Defendant Sanchez, who has not yet

been served and will likely be dismissed pursuant to Federal Rule of Civil Procedure 4(m).  Given the status of Plaintiff's claims, injunctive relief is not warranted.  The Court will recommend that Plaintiff's request for preliminary injunctive relief be denied.

### B.    Motion Requesting Limited Discovery

Plaintiff requests that he be allowed to conduct "limited discovery" to propound document requests on Defendants.  Plaintiff contends that he needs documents to establish when Plaintiff's claims accrued for statute of limitations purposes.

The Court will deny Plaintiff's motion.  Plaintiff's request to conduct "limited discovery" is futile because he is not permitted to rely on extrinsic evidence to defeat Defendants' motion to dismiss.  Defendants' motion to dismiss was based entirely on the allegations made in Plaintiff's complaint.  Defendants were not permitted to rely on extrinsic evidence such as the documents Plaintiff is seeking to raise their statute of limitations defense.  Similarly, Plaintiff is not permitted to rely on any extrinsic evidence such as the documents he is seeking to defeat Defendants' motion to dismiss.  The Court notes that the accrual date for Plaintiff's claims was definitively established by the facts alleged by Plaintiff in his complaint.  It is unclear how any extrinsic documents would alter the Court's analysis regarding the accrual date for Plaintiff's claims.  Thus, Plaintiff's request to conduct "limited discovery" will be denied.

### C.    Motion for Guidance

Plaintiff's third motion requests guidance regarding whether it is permissible to submit exhibits along with his objections to the Findings and Recommendations or whether it is permissible to submit an amended complaint with his objections.  The Court will not provide Plaintiff with legal advice.  Plaintiff's motion will be denied.

### D.    Motion for Extension of Time

Plaintiff requests a 60-day extension of time to file objections to the Court's Findings and Recommendations.  The Court will not provide Plaintiff with a 60-day extension of time.  The Court will partially grant Plaintiff's request and will provide Plaintiff with a 30-day extension of time based on the showing made in his motion.  Any further request for extension of time must be accompanied by a persuasive demonstration of good cause.

1

**II.**     **Conclusion**

2            Based on the foregoing, the Court HEREBY ORDERS that:

3            1.      Plaintiff's request for appointment of counsel is DENIED;

4            2.      Plaintiff's request for "limited discovery" is DENIED;

5            3.      Plaintiff's request for guidance is DENIED; and

6            4.      Plaintiff's request for an extension of time is PARTIALLY GRANTED.  Plaintiff is

7                    granted thirty (30) days from the date of service of this order in which to file

8                    objections to the August 2, 2010 Findings and Recommendations.

9            Further, based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's request

10   for an order requiring prison officials to provide Plaintiff with adequate law library access, which

11   the Court construes as a request for preliminary injunctive relief, be DENIED.

12           These Findings and Recommendations are submitted to the United States District Judge

13   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)

14   days after being served with these Findings and Recommendations, any party may file written

15   objections with the Court and serve a copy on all parties.  Such a document should be captioned

16   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17   shall be served and filed within ten (10) days after service of the objections.  The parties are advised

18   that failure to file objections within the specified time may waive the right to appeal the District

19   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20

21   IT IS SO ORDERED.

22   **Dated:      September 7, 2010**                    **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

5