# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE, | CASE NO. 1:07-cv-00269-AWI-SKO PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Doc. 85, 86) |
| JEANNE WOODFORD, et al., | and |
| Defendants. | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT SANCHEZ BE DISMISSED |
| | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 1, 2009, the Court ordered a U.S. Marshal to serve Defendants Fields, Fulks, Sanchez, and Ward with a summons and a copy of Plaintiff's third amended complaint. (Doc. #55.) Defendants Fields, Fulks, and Ward were served or have filed waivers of service and have made an appearance in this action. Defendant Sanchez has not been served and has not otherwise made an appearance in this action. On July 16, 2010, a summons was returned unexecuted as to Defendant Sanchez. (Doc. #76.)

On August 11, 2010, the Court ordered Plaintiff to show cause why Defendant Sanchez should not be dismissed from this action due to Plaintiff's failure to effect service of process on him. Plaintiff filed a late response to the order to show cause on September 13, 2010. Plaintiff also filed a motion requesting that an extension of time be granted nunc pro tunc and that the Court treat the

1

1  response as timely filed. (Doc. #85.) The Court will grant Plaintiff's request. However, the Court
2  finds that Plaintiff has failed to show cause and will recommend that Defendant Sanchez be
3  dismissed from this action.

4  "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the
5  U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having
6  his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed
7  to perform his duties.[1]'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v.
8  Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515
9  U.S. 472 (1995). Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient
10 information to effect service of the summons and complaint, the court's sua sponte dismissal of the
11 unserved defendants is appropriate. Id. at 1421-22.

12 Plaintiff's response to the order to show cause does not provide the Court or the U.S. Marshal
13 with any updated contact information for Defendant Sanchez. Plaintiff argues that he "has not been
14 privy to what efforts and assistance [the California Department of Corrections and Rehabilitation]
15 has provided" to the U.S. Marshal to locate Defendant Sanchez. Plaintiff requests that the Court
16 order the California Department of Corrections and Rehabilitation to hire a special investigator to
17 locate Defendant Sanchez.

18 In the order directing the U.S. Marshal to serve Defendant Sanchez, the Court ordered the
19 U.S. Marshal to "command all necessary assistance from the California Department of Corrections
20 and Rehabilitation (CDCR) to execute [service]." (Order Directing Service by the United States
21 Marshal Service Without Prepayment of Costs 2:9-12, ECF No. 55.) The only address that Plaintiff
22 provided for Defendant Sanchez is the address for Wasco State Prison, where Sanchez was employed
23 at some point in time. The summons filled out by Plaintiff acknowledged that Sanchez may no
24 longer work at Wasco State Prison because he may be retired.

25 The unexecuted summons indicates that the U.S. Marshal received a home address for
26 Defendant Edward Sanchez – presumably provided by Wasco State Prison or CDCR. The U.S.

---

28  [1] Although Plaintiff is not proceeding in forma pauperis, the Court directed the U.S. Marshal effect service of process under Federal Rule of Civil Procedure 4(c)(3).

2

1 Marshal attempted to mail a waiver of service to that address. When the waiver was not returned,
2 the U.S. Marshal attempted to personally serve Defendant Sanchez at that address but was told that
3 Defendant Sanchez did not live there. Thus, it appears that CDCR has assisted the U.S. Marshal
4 with locating Defendant Sanchez. Plaintiff has failed to provide any additional information
5 regarding Defendant Sanchez's whereabouts that suggests that the appointment of a special
6 investigator would provide the U.S. Marshall with substantial aid for locating Sanchez.

7 The Court is satisfied with the efforts that the U.S. Marshal has made to "command all
8 necessary resources" from CDCR to locate and serve Defendant Sanchez. There is no indication that
9 the failure to effect service was due to the U.S. Marshal's failure to perform his or her duties. It is
10 Plaintiff's responsibility to provide the U.S. Marshal with sufficient information to locate and serve
11 Defendant Sanchez. Plaintiff has failed to cite any authority that suggests that the U.S. Marshal or
12 CDCR is obligated to undertake any further effort to locate Defendant Sanchez on Plaintiff's behalf.
13 Since the U.S. Marshal was unable to locate and serve Defendant Sanchez with the information
14 provided by Plaintiff, the Court will recommend that Defendant Sanchez be dismissed from this
15 action pursuant to Federal Rule of Civil Procedure 4(m).

16 Accordingly, it is HEREBY ORDERED that:
17 1. Plaintiff's motion for an extension of time to treat his response to the Court's order
18 to show cause as timely filed is GRANTED; and
19 2. Plaintiff's motion requesting further assistance in locating Defendant Sanchez is
20 DENIED.
21 Further, it is HEREBY RECOMMENDED that Defendant Sanchez be dismissed from this
22 action pursuant to Federal Rule of Civil Procedure 4(m).

23 These Findings and Recommendations are submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30)
25 days after being served with these Findings and Recommendations, any party may file written
26 objections with the Court and serve a copy on all parties. Such a document should be captioned
27 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
28 shall be served and filed within ten (10) days after service of the objections. The parties are advised

3

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     September 21, 2010**                    /s/ Sheila K. Oberto
                                                                   UNITED STATES MAGISTRATE JUDGE