# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE,<br><br>          Plaintiff,<br><br>   v.<br><br>JEANNE WOODFORD, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:07-cv-00269-BAM PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS (ECF No. 77)<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS (ECF Nos. 37, 53, 59)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL OBJECTIONS AND MOTION FOR TEN DAY EXTENSION OF TIME AND STRIKING PLAINTIFF'S SUPPLEMENT TO WRITTEN OBJECTIONS (ECF Nos. 60, 69, 113)<br><br>ORDER STRIKING FOURTH AMENDED COMPLAINT  (ECF No. 92)<br><br>THIRTY DAY DEADLINE |

Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 6, 2007, Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 4.)  On September 4, 2009, Defendants Adams, Clark, Frauenheim, Hense, Lloren, Schottgen, Tripp, and Wan filed a motion to dismiss on the grounds that Plaintiff's claims are barred by the applicable statute of limitations.  (ECF No. 37.)  Defendants Fulks, Fields, and Ward joined the motion to dismiss on May 24, 2010.[1]  (ECF No. 67.)  On November 25, 2009, Plaintiff filed an opposition to Defendants' motion to dismiss, along with a motion requesting that

---

[1] On December 15, 2010, an order issued dismissing Defendant Sanchez from this action for Plaintiff's failure to effect service of process.  (ECF No. 93.)

1

the Court excuse Plaintiff's late filing.[2] (ECF No. 51, 52, 53.) On January 6, 2010, Defendants filed a reply to Plaintiff's opposition. (ECF No. 59.)

On February 1, 2010, Plaintiff filed a motion requesting that the Court strike portions of Defendants' reply because it raised new arguments and further requested that the Court allow Plaintiff to supplement his opposition with new arguments. (ECF No. 60.) On February 22, 2010, Defendants filed an opposition to Plaintiff's motion to supplement his opposition. (ECF No. 61.) On June 10, 2010, Plaintiff filed a motion for a ten day extension of time to file a reply to Defendant's opposition to his motion to file a supplement. (ECF No. 69.)

On August 2, 2010, findings and recommendations issued recommending granting Defendants' motion to dismiss. (ECF No. 77.) On October 25, 2010, Plaintiff filed objections to the findings and recommendations. (ECF No. 91.) On October 25, 2010, Plaintiff lodged a proposed fourth amended complaint. (ECF No. 92.) Plaintiff filed an appeal of the district court order denying his motion for a preliminary injunction with the Ninth Circuit on January 19, 2011. (ECF No. 97.) On June 14, 2011, Defendants consented to the jurisdiction of the Magistrate Judge. (ECF No. 104.) On November 11, 2011, the Ninth Circuit issued an order affirming the denial of Plaintiff's motion for injunctive relief. (ECF No. 112.) On March 22, 2012, Plaintiff filed supplemental objections to the findings and recommendations. (ECF No. 113.) On March 28, 2012, this action was reassigned to the undersigned. (ECF No. 114.) For the reasons set forth below, the Court finds that Defendants' motion to dismiss shall be denied.

**I.    Background**

    **A.    Plaintiff's Claims**

This action proceeds on Plaintiff's third amended complaint, filed on March 16, 2009. (ECF No. 19.) At the time of the events described in his complaint, Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF"). (Third Am. Compl. ¶ 1.) Plaintiff states that he was elected as a member of the "Men's Advisory Council" as an "inmate representative." (Third Am. Compl. ¶ 18.) The Men's Advisory Council represents inmates by voicing concerns and

---

[2] Plaintiff's opposition was due on November 17, 2009, pursuant to an extension of time granted on October 15, 2009. (ECF No. 43, 44.)

complaints to the warden and other prison officials. (Third Am. Compl. ¶ 18.) On February 27, 2004, approximately six dozen inmates, including Plaintiff, engaged in a hunger strike in response to restrictive policies that were implemented by prison officials between April 2002 and February 2004. (Third Am. Compl. ¶¶ 19-20.)

Plaintiff presented the inmates' grievances to Defendants Fulks and Wan. Defendant Fulks told Plaintiff that if the hunger strike did not end, there would be repercussions. (Third Am. Compl. ¶ 21.) Other inmates joined the hunger strike and local newspapers published articles about the hunger strike and the inmates' complaints. (Third Am. Compl. ¶ 23.) On February 29, 2004,[3] Defendants Adams, Sanchez, Clark, and Fulks decided to "lock up" Plaintiff and limit access to the media. (Third Am. Compl. ¶ 24.) Defendants Adams, Sanchez, Clark, and Fulks told the chairman of the Men's Advisory Council that Plaintiff and two other fasting inmates were being transferred to Pelican Bay State Prison, the "most severe segregation unit." (Third Am. Compl. ¶ 25.) Plaintiff complains that a "SHU term" (segregated housing unit term) can only be given to an inmate that is found guilty of serious misconduct. (Third Am. Compl. ¶ 26.) Plaintiff was charged with "Conspiracy to Assault Staff and Orchestrating A Hunger Strike" and was placed in segregation. (Third Am. Compl. ¶ 27.) A few weeks later, Plaintiff was "exonerated" of the conspiracy to assault staff charge but received a different disciplinary report for "Inciting A Hunger Strike." (Third Am. Compl. ¶ 28.) Plaintiff complains that there is no written rule prohibiting the participation in a hunger strike. (Third Am. Compl. ¶ 33.) Plaintiff argues that he was placed in segregation and charged with disciplinary violations in retaliation for Plaintiff's history of filing grievances and acting as a jailhouse lawyer. (Third Am. Compl. ¶ 34.)

Plaintiff was eventually found guilty of the disciplinary charge of "Inciting A Hunger Strike" on February 3, 2005, by Defendant Fields. (Third Am. Compl. ¶ 39.) Plaintiff received a twelve (12) month SHU term and was transferred to another prison. (Third Am. Compl. ¶ 42.) Plaintiff contends that his transfer was in retaliation for his activities as an advocate serving on behalf of other inmates. (Third Am. Compl. ¶ 43.) Plaintiff also contends that his confinement in disciplinary

---

[3] Plaintiff's third amended complaint alleges this date as February 29, 2008. (Third Am. Compl. ¶ 24, ECF No. 19.) The 2008 date is clearly a typographical error as Plaintiff was placed in segregation in 2004.

segregation for over 56 weeks and the imposition of a 12 month SHU term constituted a deprivation of a liberty interest protected under the Due Process Clause. (Third Am. Compl. ¶ 51.) Plaintiff argues that his due process rights were violated because he was deprived of this liberty interest as a punishment for conduct that was not clearly prohibited under prison rules. Plaintiff complains that prison officials did not give Plaintiff reasonable notice that participating in a hunger strike was sanctionable conduct.

Plaintiff also complains that when he was housed in segregation from February 2004 to April 2005, he was not given adequate clothing. (Third Am. Compl. ¶¶ 55-75.) Plaintiff alleges that the thin clothing he was given was inadequate to protect him during periods of cold weather. (Third Am. Compl. ¶ 58.) Plaintiff filed grievances about the inadequate clothing, but they were ignored by Defendant Schottgen, Fields, and Adams. Plaintiff contends that the denial of adequate clothing constituted cruel and unusual punishment prohibited by the Eighth Amendment.

On April 23, 2009, the Court screened Plaintiff's complaint and found that Plaintiff stated cognizable claims for relief under Section 1983 against: (1) Defendants Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, and Tripp for retaliation against Plaintiff's exercise of his First Amendment rights; (2) Defendants Adams, Sanchez, Hense, Ward, Clark, Fulks, Wan, Lloren, Fields, and Trip for violation of the Due Process Clause of the Fourteenth Amendment; and (3) Defendants Adams, Schottgen, and Fields for failing to provide Plaintiff with adequate clothing in violation of the Eighth Amendment.

**B.    Defendants' Motion to Dismiss**

In their motion to dismiss, Defendants argue that Plaintiff's claims should be dismissed on the grounds that Plaintiff's claims are barred by the applicable statute of limitations. (Defs.' Not. of Mot. and Mot. to Dismiss 1:21-24.) Defendants argue that the applicable statute of limitations for Plaintiff's claims is two (2) years. (Mem. of P. & A. in Supp. of Mot. to Dismiss 2:10-3:6.) Defendants note that Plaintiff filed this action on February 20, 2007, and, therefore, any claim based on events occurring prior to February 20, 2005, is barred by the statute of limitations. (P. & A. in Supp. of Mot. to Dismiss 4:4-6.)

With respect to Plaintiff's due process claims, Defendants argue that the final disciplinary

4

hearing was conducted on February 3, 2005. (P. & A. in Supp. of Mot. to Dismiss 4:18-21.) At that hearing, Plaintiff was given a twelve (12) month SHU term and transferred to Pelican Bay. (P. & A. in Supp. of Mot. to Dismiss 4:18-21.)

With respect to Plaintiff's retaliation claims, Defendants argue that there are no allegations in Plaintiff's third amended complaint of any retaliatory act occurring after February 19, 2005. (P. & A. in Supp. of Mot. to Dismiss 4:25-27.)

With respect to Plaintiff's Eighth Amendment claims, Defendants argue that Plaintiff's claims should be limited to the time Plaintiff was confined in segregation after February 20, 2005. (P. & A. in Supp. of Mot. to Dismiss 5:1-13.) Plaintiff claims that he was confined in segregation without adequate clothing between February 2004 and April 2005. (P. & A. in Supp. of Mot. to Dismiss 5:2-3.)

### C. **Plaintiff's Opposition**

In his opposition, Plaintiff contends that his claims are not untimely because he was a victim of a pattern of retaliation and harassment, and the statute of limitations period should not begin to accrue until the retaliation and harassment stops. (Pl.'s Opp'n to Mot. to Dismiss; Decl. of Pl. 1.) Further, Plaintiff argues that the statute of limitations period should be tolled, and that Plaintiff should be given an opportunity to present extrinsic evidence to support his tolling argument. (Opp'n 1.)

Plaintiff contends that Defendants' actions constitute an ongoing campaign of retaliation, and that the limitations period should not accrue until the retaliation stops. (Opp'n 3.) With respect to his Eighth Amendment claims, Plaintiff contends that the deprivation of sufficient clothing was also an ongoing constitutional violation, and that his claims should be regarded as timely. (Opp'n 4.)

Plaintiff also argues that the relevant statute of limitations should be tolled during the period of time when Plaintiff was exhausting his administrative remedies. (Opp'n 4.) Plaintiff contends that he filed appeals in November 2004 and March 2005 that took more than six (6) months to exhaust. (Opp'n 4.)

Finally, Plaintiff argues that he should not be required to plead facts regarding the exhaustion of his administrative remedies. (Opp'n 5.) Plaintiff also contends that he can support his claim for

5

tolling of the limitations period with extrinsic evidence outside the pleadings, and the Court should not rule on the statute of limitations issue on a motion to dismiss. (Opp'n 5.)

### D. **Defendants' Reply**

In their reply, Defendants argue that the continuing violation doctrine is not applicable to this case, and Plaintiff's claims are untimely. (Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss 2:11-5:3.) Defendants contend that Plaintiff's retaliation claims accrued on February 29, 2004. (Reply 2:13-14.) Defendants argue that Plaintiff alleged that the decision to transfer Plaintiff to Pelican Bay and be confined in the SHU was made on February 29, 2004. (Reply 3:7-10.) Defendants further argue that the events after February 29, 2004, were merely the inevitable consequence of Defendants' decision to retaliate against Plaintiff. (Reply 3:14-18.) Defendants also argue that the continuing violation doctrine alluded to in Plaintiff's opposition does not apply to this case, because it only applies in instances of a systemic policy of discrimination. (Reply 3:19-4:18.) Defendants similarly contend that the continuing violation doctrine does not apply to Plaintiff's Eighth Amendment claims based on the lack of adequate clothing. (Reply 4:19-5:3.)

Defendants further argue that tolling does not save Plaintiff's retaliation claims. (Reply 5:13-6:7.) Defendants contend that the administrative appeals referred to by Plaintiff concern only his due process claim and his inadequate clothing claim. (Reply 5:8-12.) Defendants argue that the exhaustion of those appeals does not toll the limitations period for his retaliation claims. (Reply 6:5-7.) Defendants further argue that, irrespective of the applicability of tolling, "at least a portion of Plaintiff's Eighth Amendment claim is barred by the statute of limitations." (Reply 6:8-24.)

Defendants also raise the new argument that Plaintiff failed to exhaust his administrative remedies with respect to his Eighth Amendment claims. (Reply 7:1-8:23.) Defendants contend that Plaintiff is required to file an appeal within fifteen (15) days of the event or decision that is the subject of the appeal. (Reply 7:17-18.) Plaintiff filed his appeal related to his Eighth Amendment claims on January 7, 2005. (Reply 7:14.) Defendants argue that Plaintiff failed to properly exhaust his administrative remedies for any claim premised on the violation of Plaintiff's Eighth Amendment rights that occurred prior to December 22, 2004, which is fifteen (15) working days prior to the date Plaintiff filed his appeal. (Reply 8:19-23.)

6

Finally, Defendants argue that the Court is not being asked to consider matters outside the pleadings when ruling on their motion to dismiss, and it is therefore proper for the Court to rule on their motion to dismiss. (Reply 8:24-9:25.)

## II. Discussion

### A. The Timing of Plaintiff's Opposition

Plaintiff's opposition to Defendants' motion to dismiss was due on November 17, 2009. Plaintiff's opposition was filed on November 25, 2009. (ECF No. 53.) Plaintiff filed a motion requesting the Court to regard his opposition as timely filed. (ECF No. 51.) The Court will grant Plaintiff's motion and will regard the opposition as timely filed.

### B. Plaintiff's Motion to Strike Defendants' Reply and Supplement His Opposition

On January 6, 2010, Defendants filed a reply to Plaintiff's opposition. (ECF No. 59.) On February 1, 2010, Plaintiff filed a motion requesting that the Court strike portions of Defendants' reply because it raised a new theory of accrual, raised new defenses regarding Plaintiff's failure to exhaust, raised arguments and evidence regarding when Plaintiff filed his appeal regarding inadequate clothing, and mis-characterized the California Department of Corrections ("CDCR") inmate appeals process. (ECF No. 60.) Plaintiff's motion also requested permission to supplement his opposition with new arguments regarding the accrual and tolling of the statute of limitations.

The Court finds that it is unnecessary to strike portions of Defendants' reply. Defendants did not raise a "new theory" regarding accrual. Defendants instead raised arguments in reply to Plaintiff's argument that the continuing violations doctrine applied to save his claims from the statute of limitations. The purpose of a reply is to respond to Plaintiff's opposition. Defendants' arguments regarding the tolling of Plaintiff's claims is sufficiently related to Defendants' statute of limitations argument raised in their motion to dismiss. Plaintiff should have anticipated Defendants' arguments, and Plaintiff fails to demonstrate that the issue requires further briefing from Plaintiff. Thus, the Court will not strike Defendants' arguments simply because they were not raised in their motion to dismiss.

However, the Court notes that Defendants' arguments regarding exhaustion could not have been anticipated by Plaintiff, because Defendants did not raise the issue of exhaustion in their motion

to dismiss. Generally, when a party raises an entirely new, <u>unanticipated</u> arguments in a reply, the Court will give the opposing party an opportunity to file a surreply to respond to those arguments. However, as discussed below, the exhaustion argument, as it applies to the statute of limitations, will not be considered in this order as it is more appropriately raised in a motion for summary judgment. Accordingly, Plaintiff's motion to strike Defendants' reply and to supplement his opposition will be denied.

## C. Statute of Limitations

Defendants argue that Plaintiff's claims should be dismissed because they are barred by the applicable statute of limitations. Although Section 1983 provides a federal cause of action, the Court looks to the law of the State in which the cause of action arose to determine the length of the statute of limitations. <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007). Under California law, this period is two (2) years. Cal. Code Civ. Proc. § 335.1.[4]

### 1. Accrual

Having established that the relevant statute of limitations for Plaintiff's claims is two (2) years, the Court must now determine when Plaintiff's claims accrued. Although the Court looks to state law to determine the applicable statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is <u>not</u> resolved by reference to state law." <u>Wallace</u>, 549 U.S. at 388 (emphasis in original). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Lukovsky v. City and County of San Francisco</u>, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting <u>Two Rivers v. Lewis</u>, 174 F.3d 987, 991 (9th Cir. 1999)); <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir. 1999). Plaintiff filed this action on February 13, 2007.[5] Thus, any claim that accrued prior to February 13, 2005, is barred by the statute

---

[4] The Court grants Defendants' request and takes judicial notice that Plaintiff has been sentenced to a life sentence without the possibility of parole. (ECF No. 41.) Since Plaintiff is serving a sentence of life without the possibility of parole, section 352.1, does not apply to further toll the statute of limitations. Cal. Civ. Code § 352.1 (West).

[5] An inmate's complaint is considered filed at the time he delivers it to prison authorities for mailing. <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1107 (9th Cir. 2009). Plaintiff states that his complaint was placed in the mail on or about February 13, 2007, but no later than February 15, 2007. (Opp'n 2, fn 1.) Construing the facts in the light most favorable to the non-moving party, the date Plaintiff filed his complaint shall be February 13, 2007.

of limitations.

Plaintiff's only allegation regarding conduct that occurred after February 13, 2005, is the allegation that between March 2004 and April 2005, Defendants Sanchez, Hense, Ward, Frauenheim, Wan and Lloren conducted six to eight classification reviews where they retained Plaintiff in segregation "as a pretext to keep Plaintiff in segregation for his filing of grievances. . . ." (Third Am. Compl. ¶ 34, ECF No. 19.) A classification hearing that took place in April 2005 would have fallen within the applicable limitations period. All other actions by Defendants are alleged to have occurred prior to February 13, 2005. Defendants allegedly decided to lock Plaintiff up in response to the hunger strike on February 29, 2004. Between February 29, 2004 and February 3, 2005, Plaintiff was charged and re-charged with various disciplinary infractions, allegedly in retaliation against Plaintiff's First Amendment activities. Plaintiff was found guilty at the initial hearing of Inciting a Riot, only to have the determination reversed several weeks later because of unspecified procedural errors. In November 2004, Defendants Tripp, Wan, and Hense recharged Plaintiff with Inciting a Riot. Ultimately, Defendant Fields found Plaintiff guilty on February 3, 2005, of "Leading a Hunger Strike," sentenced him to a twelve (12) month SHU term, and Plaintiff was scheduled to be transferred to another prison.

### 2.     Continuing Violations Doctrine

Plaintiff argues that the continuing violation doctrine applies to save his claims based on conduct that occurred prior to February 13, 2005. The continuing violation doctrine is an equitable doctrine designed "to prevent a defendant from using its earlier illegal conduct to avoid liability for later illegal conduct of the same sort." O'Loghlin v. County of Orange, 229 F.3d 871, 875 (9th Cir. 2000). To establish a continuing violation, a plaintiff must show "that the alleged . . . acts are related closely enough to constitute a continuing violation." DeGrassi v. City of Glendora, 207 F.3d 636, 645 (9th Cir. 2000) (quoting Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480 (9th Cir. 1989)). However, the mere continuing impact from a past violation is not actionable under the continuing violation doctrine. Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001) (citing Grimes v. City and County of San Francisco, 951 F.2d 236, 238-39 (9th Cir. 1991)).

#### a.     Retaliation Claim

Plaintiff argues that the continuing violation doctrine applies such that the classification review that occurred in April 2005 refreshes the statute of limitations for the retaliation claims based on Defendants' conduct that occurred prior to February 13, 2005. The Court rejects Plaintiff's argument.

Plaintiff was notified about the charges filed against him as early as February 29, 2004. At that time, Plaintiff was charged with Conspiracy to Assault Staff and Orchestrating A Hunger Strike, placed in administrative segregation, and informed that he would be transferred to Pelican Bay State Prison. (Third Am. Compl. ¶ 27, ECF No. 19.) Plaintiff was charged with Inciting a Hunger Strike within a few weeks of February 29, 2004, and found guilty of "Inciting a Hunger Strike" at a disciplinary hearing in August 2004. A few weeks later, the results of that hearing were rescinded and Plaintiff was re-charged in November 2004. Defendant Fields conducted a second disciplinary hearing on February 3, 2005, in which Plaintiff alleges he was charged and found guilty of Leading a Hunger Strike.

"The limitations period begins to run when the 'discrete act' adverse to the plaintiff occurs." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 127 S. Ct 2162, 2168 (2007)). The Court finds that Plaintiff's retaliation claim accrued on February 29, 2004, when Plaintiff was charged with Conspiracy to Assault Staff and Orchestrating a Hunger Strike and placed in segregation. Plaintiff states that on this date defendants had the Mens Advisory Counsel chairman tell the fasting inmates that Plaintiff was on his way to Pelican Bay State Prison and would be receiving a SHU term. (Third Am. Compl. ¶ 25.) The statute of limitations for Plaintiff's claims was not suspended for the entire time Plaintiff was locked in the segregation because Plaintiff's retention was merely the continuing impact from Defendants' alleged initial retaliatory decision to charge him with the disciplinary violation. Plaintiff's complaint does not support the conclusion that the hearing held by Defendant Fields on February 3, 2005, or the classification committee hearings that periodically took place while Plaintiff was held in segregation, were retaliatory acts that constitute a continuing violation. Defendants' actions in recharging Plaintiff with the rule violation and retaining Plaintiff in segregation were merely the continuing impact of the initial decision to charge Plaintiff regarding the hunger strike

and lock Plaintiff in the SHU on February 29, 2004.

Moreover, even if each charge against plaintiff, from February 29, 2004 to February 3, 2005, for engaging in the hunger strike were considered an independent retaliation claim, each charge is untimely. Each of the charges against plaintiff related to the hunger strike were brought before February 13, 2005, and thus a retaliation claim on the charges would be untimely. The retaliatory act was the charge against plaintiff, not the continued confinement in the SHU.

Defendants correctly analogize the facts of this case to the facts in Knox v. Davis, 260 F.3d 1009 (9th Cir. 2001). In that case, Knox brought suit under Section 1983 after the California Department of Corrections withdrew her legal mail and visitation privileges with respect to all correctional facilities and inmates. The Ninth Circuit held that Knox's claims accrued when she received the letter from the California Department of Corrections notifying her that her privileges were withdrawn. The Ninth Circuit held that the continuing violations doctrine did not apply and that the limitations period did not restart every time Knox was denied visitation or mail privileges.

Similarly, in Delaware State College v. Ricks, 449 U.S. 250 (1980), the Supreme Court held that the continuing violation doctrine did not save a plaintiff's racial discrimination claim. Ricks argued that he was denied tenure on the basis of his race and was later terminated from employment. The Supreme Court noted that when Ricks was denied tenure, he was subject to a "terminal" contract to teach one additional year before the employment relationship would be terminated. The Supreme Court held that the statute of limitations accrued when Ricks was notified that he would not receive tenure, and the continuing violations doctrine did not restart the limitations period when Ricks was terminated a year later.

Plaintiff had notice of all the facts necessary to allege his retaliation claim, including his claim against Defendant Fields for the rehearing of the rule violation on February 3, 2005, when Defendants allegedly retaliated against him on February 29, 2004. Since the statute of limitations bars all claims that accrued prior to February 13, 2005, Plaintiff's retaliation claim is barred by the applicable statute of limitations unless equitable tolling applies to the claims, as discussed below.

### b.   Due Process Claim

Plaintiff alleges that within a few weeks of February 29, 2004, he was charged with Inciting

a Hunger Strike, and in August 2004, he was found guilty of the charge. (Third Am. Compl. ¶ 35.) In November 2004, Plaintiff was recharged with Inciting a Hunger Strike. (Third Am. Compl. ¶¶ 35, 36.) On February 3, 2005, Defendant Fields changed the charge to Leading a Hunger Strike and found Plaintiff guilty. (Third Am. Compl. ¶ 39.) Plaintiff alleges that the regulation which he was charged and found guilty of is vague as applied to him.

Plaintiff's due process claims regarding the regulation for Inciting a Hunger Strike accrued in March 2004, when Plaintiff was first charged with Inciting a Hunger Strike. It was on this date that Plaintiff knew that he had been charged under the regulation which he alleges is vague as applied to him. Any further hearings regarding that specific charge that occurred were merely the continuing impact from Defendants' initial decision to charge Plaintiff with the rule violation.

Plaintiff's due process claim for the charge of Leading a Hunger Strike and against Defendant Fields for acting as a biased hearing officer accrued on February 3, 2005, the date that Defendant Fields conducted the rule violation hearing. Since Plaintiff did not file his complaint until February 13, 2007, his due process claims would be barred by the statute of limitations, unless equitable tolling applies, as discussed below.

### c. Conditions of Confinement

Plaintiff alleges that on at least thirty occasions he was denied adequate clothing and subjected to extreme temperatures. On each of these occasions Plaintiff was subjected to the same alleged unconstitutional conditions. These individual acts "are related closely enough to constitute a continuing violation." DeGrassi, 207 F.3d at 645. The Court finds that Plaintiff's Eighth Amendment claims that he was placed in segregation and denied adequate clothing beginning in February 2004, do constitute a continuing violation, and therefore, Plaintiff had until April 2007 to file his complaint. Plaintiff filed this action on February 13, 2007. Therefore, Plaintiff's Eighth Amendment claim was timely filed and is not barred by the statute of limitations. Defendants motion to dismiss shall be denied as to Plaintiff's Eighth Amendment claims.[6]

---

[6] Defendants allege that Plaintiff has failed to exhaust administrative remedies as to his Eighth Amendment claims. This was not raised in the motion to dismiss and will not be considered in this order. Defendants need to file a motion to dismiss for failure to exhaust administrative remedies to address this issue.

### 3. Tolling

Plaintiff correctly asserts that the statute of limitations should be tolled while Plaintiff completes a mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). "In ruling on a motion to dismiss, a district court generally 'may not consider any material beyond the pleadings.'" Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)). In determining if equitable tolling applies the court would need to have evidence of Plaintiff's efforts to exhaust his administrative remedies to determine the time period to be tolled. The "fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation." Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993). Plaintiff noted in his opposition that he filed administrative appeals twice, once in November 2004 and once in March 2005, and that each appeal took over six (6) months to exhaust. Plaintiff argues that the time he spent exhausting his appeal would toll his claims and make them timely.

Plaintiff alleges further facts concerning tolling in his motion to strike Defendants' reply and his reply to Defendants' opposition to the motion to strike. Plaintiff argues that he can demonstrate facts regarding his "multiple exhaustion of inmate appeals on retaliation." (Pl.'s Mot. to Supplement Opp'n to Dismissal and Mot. to Strike Portions of Defs.' Reply to Opp'n; Decl. 4, ECF No. 60.) Plaintiff vaguely alleges "that there is other substantial and relevant evidence outside the complaint that impacts accrual dates [and] tolling time periods. . . ." (Pl's Mot. to Supplement 4, ECF No. 60.) Plaintiff also references a "citizen complaint" filed by his fiancee. Plaintiff argues that the complaint is somehow relevant to the issue of tolling.

The subject matter of the two appeals Plaintiff filed is unclear. While it appears that Plaintiff may be entitled to some period of equitable tolling, the Court finds that the issue is more appropriately addressed in a motion for summary judgment. Defendants' motion to dismiss shall be denied, without prejudice, and Defendants may file a motion for summary judgment addressing Plaintiff's claims that he is entitled to equitable tolling.

### III. Fourth Amended Complaint

On October 25, 2010, a fourth amended complaint was lodged. Under Rule 15(a) of the

Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this instance, Plaintiff has previously amended his complaint, and a responsive pleading has been received. Plaintiff has not received leave of the court or consent of the adverse parties to file an amended complaint. Accordingly, Plaintiff's fourth amended complaint shall be stricken from the record.

## IV. Conclusion and Order

The Court finds that Plaintiff's retaliation claims accrued in February 2004 when Plaintiff was first given notice of the disciplinary charges against him and placed in segregation pursuant to those charges. Plaintiff's due process claim regarding the rule violation for the vague regulation, Inciting a Hunger Strike, accrued in March 2004, when the violation was charged. Plaintiff's due process claim for the vague regulation, Leading a Hunger Strike, and against Defendant Fields for his conduct as a hearing officer accrued on February 3, 2005, when the rule violation hearing was conducted. Plaintiff may be entitled to equitable tolling, an issue which is more appropriately addressed in a motion for summary judgment. Finally, the Court finds that Plaintiff's Eighth Amendment conditions of confinement claims are continuing violations and are not barred by the statute of limitations.

Based on the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendations issued August 2, 2010, is VACATED;
2. Plaintiff's motion to have his opposition deemed timely is GRANTED;
3. Plaintiff's motion to strike Defendants' reply is DENIED;
4. Plaintiff's motion to supplement his opposition, filed February 1, 2010, is DENIED,
5. Plaintiff's motion for a ten day extension of time, filed June 10, 2010, is DENIED;
6. The supplement to Plaintiff's opposition, filed March 22, 2012, is STRICKEN FROM THE RECORD;
7. Defendants' motion to dismiss, filed September 4, 2009, is DENIED, without prejudice;

8. Plaintiff's fourth amended complaint, lodged October 25, 2010, is STRICKEN FROM THE RECORD; and

9. Defendants shall file a responsive pleading within thirty days from the date of service of this order.

IT IS SO ORDERED.

**Dated:   April 24, 2012**              **/s/ Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE