UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　Defendants. | Case No.: 1:07-cv-00269-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S SECOND MOTION TO EXTEND THE REMAINING FILING DEADLINES<br><br>(ECF No. 124) |

**I.     Background**

Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 31, 2012, the Court entered a Scheduling Order. Pursuant to that order, the deadline to amend pleadings was November 30, 2012, the deadline to complete discovery was January 30, 2013, and the dispositive motion deadline was April 11, 2013. (Doc. 120).

On December 12, 2012, Plaintiff filed a motion to extend the scheduling order deadlines one-hundred fifty (150) days. Plaintiff sought an extension because of filing deadlines in his Ninth Circuit appeal of Bruce v. Cate, 3:09-cv-04649-JW. (ECF No. 121.)

On December 20, 2012, the Court partially granted Plaintiff's motion to extend the remaining discovery deadlines an additional sixty (60) days in consideration of the briefing schedule in Bruce v. Cate. Based on the extension of time, the deadline to amend pleadings was January 29, 2013, the

1  deadline to complete discovery was April 1, 2013, and the deadline to file dispositive motions is June
2  10, 2013.  (ECF No. 123.)
3  　　　　On March 22, 2013, Plaintiff filed a second motion to extend the deadlines for completion of
4  discovery and for filing dispositive motions an additional ninety (90) days.  Plaintiff seeks a second
5  extension of time primarily because of new filing deadlines in his Ninth Circuit appeal of Bruce v.
6  Cate.  According to exhibits attached to Plaintiff's motion, he requested a third extension of time to
7  file an opening brief in his appeal.  The extension of time was granted, making his opening brief in
8  that matter due March 19, 2013, and his optional reply due in early May 2013.  Plaintiff indicates that
9  he also has requested a final sixty (60) day extension of time in the Ninth Circuit.  (ECF No. 124, pp.
10 2, 5.)
11 　　　　Plaintiff also seeks an extension of time to complete discovery.  Plaintiff indicates that he
12 served requests for admissions and interrogatories on Defendant Field and requests for documents in
13 August 2012, and he received responses to those requests in December 2012.  Plaintiff indicates that
14 he wrote to defense counsel in January 2013 regarding "inadequate or non-responsive responses" to a
15 number of his requests.  (ECF No. 124, p. 2.)  On February 13, 2013, Plaintiff and defense counsel
16 telephonically conferred and defense counsel agreed to pursue supplemental responses.  Plaintiff
17 reports that he is waiting for relevant documents that "pertain to the disciplinary regulations,
18 procedures and how they are applied as well as outdoor recreation," which will allow him to serve
19 discovery requests on five other critical defendants.  (ECF No. 124, p. 3.)
20 　　　　On March 25, 2013, the Court directed Defendants to file a response to Plaintiff's second
21 request for an extension of time.  (ECF No. 125.)
22 　　　　On April 8, 2013, Defendants filed their opposition to the requested extension of time.
23 Defendants contend that Plaintiff has not shown good cause for extending the deadlines, noting that
24 Plaintiff has done nothing in his appeal other than request four extensions of time to file his opening
25 brief.  Defendants also assert that Plaintiff has had ample time to conduct discovery and Defendants
26 have answered all of Plaintiff's requests.
27 　　　　With regard to the opening brief, Defendants point out that Plaintiff's initial deadline to file his
28 opening brief in Bruce v. Cate was August 1, 2012, and since that time Plaintiff has filed four requests

for extensions of time. (ECF No. 126, Ex. 3 to Declaration of David Carrasco ("Carrasco Dec."))[1] Plaintiff's most recent deadline for his opening brief was March 19, 2013, but he filed his fourth request for an extension of time on March 20, 2013. If granted, Plaintiff's opening brief would be due in May 2013.

With regard to discovery, Defendants contend that Plaintiff has had ten months to conduct discovery in this case. During that time, Plaintiff propounded two sets of interrogatories and requests for admissions to Defendant Field, and a request for documents to all Defendants. (ECF No. 126, Carrasco Dec. ¶ 4.) Defendants indicate that Defendant Field served responses to both sets of interrogatories and admissions, and all Defendants have served responses to Plaintiff's request for documents. (ECF No. 126, Carrasco Dec. ¶¶ 4, 6-7.) Defendants argue that if Plaintiff was dissatisfied with the responses, then he could have filed a motion to compel, but chose not to do so.

**II.     Discussion**

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.

In this case, despite Defendants' assertions, the Court cannot conclude, absent evidence, that Plaintiff has done nothing but request extensions of time in his appeal of Bruce v. Cate. In other words, there is no indication in the record that Plaintiff has not been preparing an opening brief. Based on the filing deadlines in Plaintiff's appeal, including his request for a final extension of time in that matter, the Court finds good cause to extend the discovery deadline and the dispositive motion deadline an additional ninety (90) days. However, no further extensions will be granted based on the pending appellate briefing as Plaintiff has represented to this Court that he has made his final request for extension of time to the appellate court.

---

[1] Defendants request that the Court take judicial notice of the appellate docket for Bruce v. Cate. The Court may take judicial notice of court records. Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of matters of public record). Accordingly, Defendants' request for judicial notice is GRANTED.

### III.     Conclusion

Based on the above, Plaintiff's motion for a second addition of time to extend the remaining discovery deadlines is GRANTED. The deadline to complete discovery is extended ninety (90) days to **July 1, 2013**, and the deadline to file dispositive motions is extended 90 days to **September 9, 2013.**

IT IS SO ORDERED.

Dated:   **May 3, 2013**                                   /s/ Barbara A. McAuliffe
                                                                            UNITED STATES MAGISTRATE JUDGE