# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE,<br><br>          Plaintiff,<br><br>     v.<br><br>JEANNE WOODFORD, et al.,<br><br>          Defendants. | Case No.: 1:07-cv-00269-BAM PC<br><br>ORDER GRANTING DEFENDANTS REQUEST TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL (ECF No. 128, 129)<br><br>THIRTY-DAY DEADLINE |

   Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claims for relief under Section 1983 against: (1) Defendants Adams, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, and Tripp for retaliation against Plaintiff's exercise of his First Amendment rights; (2) Defendants Adams, Hense, Ward, Clark, Fulks, Wan, Lloren, Fields, and Tripp for violation of the Due Process Clause of the Fourteenth Amendment; and (3) Defendants Adams, Schottgen, and Fields for failing to provide Plaintiff with adequate clothing in violation of the Eighth Amendment.

   On May 31, 2012, the Court entered a Scheduling Order. Pursuant to that order, the deadline to amend pleadings was November 30, 2012, the deadline to complete discovery was January 30, 2013, and the dispositive motion deadline was April 11, 2013. (Doc. 120).

On December 12, 2012, Plaintiff filed a motion to extend the scheduling order deadlines one-hundred fifty (150) days.  Plaintiff sought an extension because of filing deadlines in his Ninth Circuit appeal of Bruce v. Cate, 3:09-cv-04649-JW.  (ECF No. 121.)

On December 20, 2012, the Court partially granted Plaintiff's motion to extend the remaining discovery deadlines an additional sixty (60) days in consideration of the briefing schedule in Bruce v. Cate.  Based on the extension of time, the deadline to amend pleadings was January 29, 2013, the deadline to complete discovery was April 1, 2013, and the deadline to file dispositive motions was June 10, 2013.  (ECF No. 123.)

On March 22, 2013, Plaintiff filed a second motion to extend the deadlines for completion of discovery and for filing dispositive motions an additional ninety (90) days.

On March 25, 2013, the Court directed Defendants to file a response to Plaintiff's second request for an extension of time.  (ECF No. 125.)  In compliance with the Court's order, Defendants filed their opposition to the second request for an extension of time on April 8, 2013.  (ECF No. 126.)

While Plaintiff's second request for an extension of time was pending, Plaintiff filed the instant motion to compel discovery on April 15, 2013.  Plaintiff seeks to compel further responses to interrogatories to Defendant Field and further responses to a request for production of documents, which were both served on September 12, 2012.  (ECF No. 128.)

On May 2, 2013, Defendants filed their opposition to the motion to compel discovery.  Defendants argued that Plaintiff's motion was untimely because it was filed after the discovery deadline of April 1, 2013.  Defendants also argued that Plaintiff had failed to show good cause for his second request for an extension of the discovery deadlines.  However, Defendants asked that they be granted leave to respond to the substance of Plaintiff's motion to compel if the Court granted Plaintiff's second request for an extension of time.  (ECF No. 130.)

On May 6, 2013, the Court granted Plaintiff's second motion to extend the remaining filing deadlines in this action.  Based on that order, the deadline to complete discovery was extended to July 1, 2013, and the deadline to file dispositive motions was extended to September 9, 2013.  (ECF No. 130.)

1  Given the extended discovery and filing deadlines in this action, Defendants' request to
2  provide a substantive response to Plaintiff's April 15, 2013 motion to compel is GRANTED.
3  Defendants shall file their opposition to Plaintiff's motion to compel within thirty (30) days of the date
4  this order.

6  IT IS SO ORDERED.

   Dated:   **May 14, 2013**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE