# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　Defendants. | Case No.: 1:07-cv-00269-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AS MOOT (ECF No. 128)<br><br>ORDER DENYING DEFENDANTS' EX PARTE APPLICATION TO HAVE PLAINTIFF'S MOTION TO COMPEL HELD IN ABEYANCE UNTIL AFTER SUPPLEMENTAL RESPONSES ARE PROVIDED AS MOOT (ECF No. 133) |

Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claims against: (1) Defendants Adams, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, and Tripp for retaliation in violation of the First Amendment; (2) Defendants Adams, Hense, Ward, Clark, Fulks, Wan, Lloren, Fields, and Tripp for violation of the Due Process Clause of the Fourteenth Amendment; and (3) Defendants Adams, Schottgen, and Fields for failing to provide Plaintiff with adequate clothing in violation of the Eighth Amendment.

On May 31, 2012, the Court entered a Scheduling Order. Pursuant to that order, the deadline to amend pleadings was November 30, 2012, the deadline to complete discovery was January 30, 2013, and the dispositive motion deadline was April 11, 2013. (Doc. 120).

1	On December 12, 2012, Plaintiff filed a motion to extend the scheduling order deadlines one-
2	hundred fifty (150) days.  Plaintiff sought an extension because of filing deadlines in his Ninth Circuit
3	appeal of Bruce v. Cate, 3:09-cv-04649-JW.  (ECF No. 121.)
4	On December 20, 2012, the Court partially granted Plaintiff's motion to extend the remaining
5	discovery deadlines an additional sixty (60) days in consideration of the briefing schedule in Bruce v.
6	Cate.  Based on the extension of time, the deadline to amend pleadings was January 29, 2013, the
7	deadline to complete discovery was April 1, 2013, and the deadline to file dispositive motions was
8	June 10, 2013.  (ECF No. 123.)
9	On March 22, 2013, Plaintiff filed a second motion to extend the deadlines for completion of
10	discovery and for filing dispositive motions an additional ninety (90) days.
11	On March 25, 2013, the Court directed Defendants to file a response to Plaintiff's second
12	request for an extension of time.  (ECF No. 125.)  In compliance with the Court's order, Defendants
13	filed their opposition to the second request for an extension of time on April 8, 2013.  (ECF No. 126.)
14	While Plaintiff's second request for an extension of time was pending, Plaintiff filed the instant
15	motion to compel discovery on April 15, 2013.  Plaintiff seeks to compel further responses to
16	interrogatories propounded on Defendant Field and further responses to a request for production of
17	documents, which were both served on September 12, 2012.  (ECF No. 128.)
18	On May 2, 2013, Defendants filed their opposition to the motion to compel discovery.
19	Defendants argued that Plaintiff's motion was untimely because it was filed after the discovery
20	deadline of April 1, 2013.  Defendants also argued that Plaintiff had failed to show good cause for his
21	second request for an extension of the discovery deadlines.  However, Defendants asked that they be
22	granted leave to respond to the substance of Plaintiff's motion to compel if the Court granted
23	Plaintiff's second request for an extension of time.  (ECF No. 130.)
24	On May 6, 2013, the Court granted Plaintiff's second motion to extend the remaining filing
25	deadlines in this action.  Based on that order, the deadline to complete discovery was extended to July
26	1, 2013, and the deadline to file dispositive motions was extended to September 9, 2013.  (ECF No.
27	130.)
28

Given the extended discovery and filing deadlines in this action, Defendants' request to provide a substantive response to Plaintiff's April 15, 2013 motion to compel was granted. (ECF No. 131.)

On May 31, 2013, the matter was reassigned to new defense counsel. (ECF No. 132.) Thereafter, on June 5, 2013, Defendants filed an ex parte application to have Plaintiff's motion to compel held in abeyance until after supplemental responses were provided. (ECF No. 133.) According to the application and supporting declaration, newly assigned defense counsel reviewed Plaintiff's discovery requests and Defendants' responses and formed the opinion that further supplementation of those responses would be appropriate. (ECF No. 133-1; Declaration of Suzanne Antley ¶ 5.) Defense counsel informed Plaintiff of the intention to supplement the responses and requested that Plaintiff agree to withdraw his motion to compel if the supplemental responses were adequate. (ECF No. 133-1; Declaration of Suzanne Antley ¶ 6.) Defendants requested that the Court hold Plaintiff's motion to compel in abeyance until after Defendants had provided their supplemental responses no later than June 21, 2013, and Plaintiff either withdrew his motion to compel, renewed it or filed a new motion.

On June 16, 2013, Defendants filed an opposition to Plaintiff's motion to compel. In that opposition, Defendants argue that because they are providing supplemental responses to Plaintiff's disputed discovery requests, Plaintiff's motion to compel is moot. (ECF No. 134.)

Having considered the submissions of newly assigned defense counsel, along with the representation that Defendants are providing supplemental responses to Plaintiff's disputed discovery requests, the Court finds that Plaintiff's motion to compel is moot, and the motion to compel shall be denied on that ground. However, if Plaintiff determines that the supplemental responses are not adequate or require further supplementation, then Plaintiff may renew his prior motion or file a new motion to compel.

As the Court intends to deny Plaintiff's motion to compel, Defendants' ex parte application to hold the motion to compel in abeyance is now moot.

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to compel discovery filed on April 15, 2013, is DENIED as moot;

2. If Defendants have not already done so, they shall serve their supplemental responses on or before July 8, 2013;

3. If Plaintiff determines that Defendants' supplemental discovery responses are inadequate or insufficient or if Plaintiff does not receive supplemental responses, then Plaintiff may renew his prior motion to compel or file a new motion to compel within thirty-days (30) after service of the supplemental responses; and

4. Defendants' ex parte application to have Plaintiff's motion to compel held in abeyance until after supplemental responses are provided is DENIED as moot.

IT IS SO ORDERED.

Dated:   **June 26, 2013**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

4