UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>JEANNE WOODFORD, et al.,<br><br>　　　　　Defendants. | Case No.: 1:07-cv-00269-BAM PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES<br>(ECF No. 152) |

**I.     Introduction**

Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against: (1) Defendants Adams, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, and Tripp for retaliation in violation of the First Amendment; (2) Defendants Adams, Hense, Ward, Clark, Fulks, Wan, Lloren, Fields, and Tripp for violation of the Due Process Clause of the Fourteenth Amendment; and (3) Defendants Adams, Schottgen, and Fields for failing to provide Plaintiff with adequate clothing in violation of the Eighth Amendment.

Currently pending before the Court is Plaintiff's motion, filed on November 22, 2013, seeking to compel Defendants' further responses to Plaintiff's interrogatories. (ECF No. 152.) Defendants opposed the motion on December 10, 2013. (ECF No. 156.) Plaintiff replied on January 15, 2014. (ECF No. 164.) The motion is deemed submitted. Local Rule 230(l).

1

## II. Motion to Compel Responses to Interrogatories[1]

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### A. Interrogatory (ROG) No. 6 – Defendant Fields

**ROG 6:** Identify all documents including manuals, handbooks or training documents that provide correctional staff including disciplinary hearing officers in 2004 and 2005 with criteria, instructions and guidelines to be used in evaluation [sic] the reliability of confidential source information.

**Original Response:** Responding Party responds as follows: California Code of Regulations, Title 15.

**Supplemental Response:** Responding Party responds as follows:

- California Code of Regulations, title 15, § 3321.
- CDC Form 1030

---

[1] The parties are familiar with the procedural background of this action; therefore, the Court finds it unnecessary to recount that background in the instant order.

1    **Revised ROG 6:**  Identify the primary manual or handbook (regardless of title or term used to
2    described documents(s)) that is responsive to the following:  Identify all documents including
3    manuals, handbooks or training documents that provide correctional staff including disciplinary
4    hearing officers in 2004 and 2005 with criteria, instructions and guidelines to be used in evaluation
5    [sic] the reliability of confidential source information.

6    **Response:**  The primary sources that provided correctional staff including disciplinary hearing
7    officers in 2004 and 2005 with criteria, instructions and guidelines to be used in evaluating the
8    reliability of confidential source information were California Code of Regulations, title 15, § 3321 and
9    CDC Form 1030.  CDCR does not and did not in the past create any official handbook or manual for
10   this purpose.  Although individual hearing officers may have compiled their own collections of
11   selected Title 15 regulations and forms for their own convenience, CDCR does not create separate
12   manuals, handbooks, criteria, instructions, or guidelines for evaluating the reliability of confidential
13   source information.  A thorough search of our records indicates that to the best of our knowledge,
14   there were no such records in 2004 or 2005 created by CDCR to be used for this purpose at the
15   California Substance Abuse Treatment Facility.

16   **Ruling:**  Plaintiff's motion to compel is denied.

17   Plaintiff contends that Defendants have manuals and documents that are not listed in their
18   response that limit and apply section 3321, which may be in the Senior Hearing Officer Manual.  In
19   support of his motion to compel the production of documents (ECF No. 154), Plaintiff submitted a
20   declaration and exhibits purporting to be evidence of a Senior Hearing Officer Manual, including a
21   one page document entitled "DUE PROCESS" and "CHAPTER TWO" and labeled "SENIOR
22   HEARING OFFICER MANUAL," along with Rules Violation Reports containing definitions.  (ECF
23   No. 154, Exs. D-F.)  Plaintiff declares that the manual existed in 1999 and was provided by a
24   correctional officer to an illiterate inmate that Plaintiff was assisting with a grievance.  Plaintiff also
25   declares that Sergeant M.F. Kemper informed him on November 4, 2013, that the disciplinary
26   procedures, instructions and definitions in the Senior Hearing Officer's Manual are applied statewide
27   in inmate hearings.  (ECF No. 154, Pl's Dec. ¶¶ 6-7.)
28

3

Defendant Fields counters that CDCR has never created a Senior Hearing Officer Manual and he cannot be compelled to identify or produce a document that does not exist.

The Court has reviewed Plaintiff's exhibits and declaration, but does not find sufficient evidence to conclude that CDCR created a Senior Hearing Officer Manual or that such a manual exists. The excerpt submitted by Plaintiff purporting to be evidence of the manual is not sufficient. This excerpt contains no information concerning its provenance, including the date of its creation, its purpose, its author or its recipients. Plaintiff has not provided independent verification of its authenticity. Additionally, Plaintiff himself admits that this is an excerpt from a document created in 1999, which is not the relevant time period at issue.

Defendant Fields cannot be compelled to identify or produce a document that does not exist.

**B.   Interrogatory 7 - Defendant Fields**

**ROG 7:** Identify all documents including manuals, handbooks or training documents that relate to staff handling of inmate misconduct including but not limited to:

(a) reporting misconduct on a rules violation report;

(b) selecting the appropriate charge;

(c) classifying the charged misconduct;

(d) changing or amending the charge;

(e) adjudication of the rules violation report;

(f) elements of proof for specific charges;

(g) review of disciplinary findings by chief disciplinary officer.

**Original Response:** Responding Party responds as follows: The document that governs handling of inmates' disciplinary hearing is the California Code of Regulations, title 15, §§ 3310-3326.

**Supplemental Response:** Defendant objects to this interrogatory on the grounds that it is vague, overbroad, and unduly burdensome. The documents that could be responsive to this request (depending on its specific meaning) could be voluminous and could contain information that is not disclosable, such as private information about other inmates. Without waiving this objection, Defendant responds as follows:

- California Code of Regulations, title 15, §§ 3310 through 3320.1
- California Code of Regulations, title 15, §§ 3084 through 3085

**Revised ROG 7:** Identify the primary manual or handbook (regardless of title or term used to describe documents(s)) that is responsive to the following: Identify all documents including manuals, handbooks or training documents that relate to staff handling of inmate misconduct including but not limited to:

(a)  reporting misconduct on a rules violation report;

(b)  selecting the appropriate charge;

(c)  classifying the charged misconduct;

(d)  changing or amending the charge;

(e)  adjudication of the rules violation report;

(f)  elements of proof for specific charges;

(g)  review of disciplinary findings by chief disciplinary officer.

**Response:** Defendant objects to this interrogatory on the grounds that it is vague, overbroad and does not identify a particular time scope. Without waiving this objection, Defendant responds as follows:

The primary source that currently relates and that related in 2004 and 2005 (the relevant time period of this lawsuit) to staff handling of the listed matters pertinent to inmate misconduct are/were: California Code of Regulations, title 15 §§ 3310 through 3320.1 and California Code of Regulations, title 15, §§ 3084 through 3085. CDCR does not create separate manuals, handbooks, criteria, instructions or guidelines for this purpose. Although individual hearing officers may have compiled their own collections of selected Title 15 regulations for their own convenience, CDCR does not create separate manuals or handbooks related to inmate misconduct. A thorough search of records indicates that there were no such records in 2004 or 2005 (the relevant time period of this lawsuit) created by CDCR to be used for this purpose at the California Substance Abuse Treatment Facility.

**Ruling:**  Plaintiff's motion to compel is denied.

1  Plaintiff again asks the Court to compel a response based on his assertion that a "Senior
2  Hearing Officer Manual" exists. Defendant Fields reiterates that CDCR has never created such a
3  manual and therefore Defendant cannot identify or produce it.
4  For the reasons discussed above, the Court cannot conclude that such a manual created by
5  CDCR exists. Therefore, Defendant Fields cannot be compelled to identify or produce a document
6  that does not exist.

7  **C. Interrogatory 1 – Defendants Wan and Tripp**

8  **ROG 1:** State every reason and fact the other inmates participating in the hunger strike that
9  began February 27, 2004 did not receive Rule Violation Reports. If other persons were involved in the
10  decision to not issue such reports identify those persons and what was stated.

11  **Response:** Defendant [Tripp/Wan] objects to Interrogatory No. 1 on the grounds that it is
12  overbroad, burdensome, beyond the scope of this litigation, requests information that is relevant to this
13  case, and is not reasonably calculated to lead to the discovery of admissible evidence.

14  **Ruling:** Plaintiff's motion to compel is denied.

15  Plaintiff seeks to compel a response on the ground that the requested information is relevant
16  and would show that the motive for charging Plaintiff with misconduct was based on a desire to
17  silence complaints. Plaintiff has not demonstrated how the decision not to charge other inmates with
18  misconduct is relevant to the charge against him or Defendants' alleged motivation with regard to
19  charging Plaintiff. Additionally, the request is overbroad as it seeks information regarding other
20  individuals involved in the hunger strike, which would require review of their individual files.

21  **D. Interrogatory No. 2 – Defendants Wan and Tripp**

22  **ROG 2:** State the specific number of "additional medical staff" alleged to have been assigned
23  to provide medical evaluations. Include in that identification:
24     (a) the full name and assignment of the medical staff
25     (b) when they were assigned
26     (c) when they conducted their medical evaluation
27     (d) the normal number of medical staff assigned to evaluate inmates of SATF.
28

6

1   **Response:** Defendant [Wan/Tripp] objects to Interrogatory on the grounds that it does not
2   identify the specific time-frame to which it refers, it is overbroad, burdensome, beyond the scope of
3   this litigation, requests information that is irrelevant to this case, and is not reasonably calculated to
4   lead to the discovery of admissible evidence.

5   **Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

Plaintiff contends that Defendants issued a disciplinary or incident report "alleging as evidence of a 'serious disruption' to the prison that additional medical staff were assigned to the hunger strike." (ECF No. 152, p. 5.)  Defendants state that they are open to providing non-confidential, available information about medical staff assigned during the hunger strike that is the subject of this case if Plaintiff will narrow his request to a more reasonable scope.  (ECF No. 156, p.7.)

Plaintiff's request is overbroad as to time-frame and location.  With the exception of the statistical information he seeks, Plaintiff also has not demonstrated how the remaining information is relevant, such as the names of the assigned staff, the assignment, and when medical evaluations were conducted.  Notwithstanding these deficiencies, Defendants shall be required to supplement their response to Interrogatory No. 2 with the following information:

(1) The number of medical staff regularly assigned to conduct medical evaluations at SATF during the six-month period before and after the hunger strike at issue; and

(2) The number of medical staff assigned to conduct medical evaluations at SATF during the hunger strike at issue.

### E. Interrogatory No. 3 – Defendants Wan and Tripp

**ROG 3:** Identify each and every document including training materials used by you to determine whether a Rule Violation has occurred during the course of your employment by CDCR.

**Response:** Defendant [Wan/Tripp] objects to Interrogatory No. 3 on the grounds that it is overbroad, burdensome, beyond the scope of this litigation, requests information that is irrelevant to this case, and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving that objection, Defendant responds as follows:

In determining whether a rules violation has occurred, I am guided by the provisions of California Code of Regulations, title 15, §§ 3310 through 3320.1, California Code of Regulations title

7

1 15, §§ 3084 through 3085, and related provisions of Title 15 and the DOM. The primary
2 determinative factors, however, are the facts and circumstances of the specific case.

3 **Ruling:** Plaintiff's motion to compel is denied.

4 Defendants correctly note that the request is overbroad, seeks information beyond the scope of
5 this litigation, and requests irrelevant information. Plaintiff attempts to limit the scope of the request
6 to the hunger strike at issue and claims that there are other documents that all CDCR staff use, such as
7 the Senior Hearing Officer Manual. However, as discussed above, there is no indication that CDCR
8 has prepared such a manual or that Defendants Wan and Tripp relied upon "other documents all
9 CDCR staff use."

10 **F.  Interrogatory No. 4 – Defendants Adams, Clark, Fulks and Wan**

11 **ROG 4:** State every action you each took on February 27, 28, and 29 in response to the
12 hunger strike occurring on Facility C in 2004. Include in that statement:

13   (a)  any other persons notified of the hunger strike including officials at CDCR headquarters;

14   (b)  when and how other officials were notified of the hunger strike;

15   (c)  any meetings with staff or inmates and the dates of such meetings;

16   (d) any and all instructions to the M.A.C. Charimain [sic] – Greenfield on February 29, 2004

17   (e)  if that information is contained in any document identify that document.

18 **Response by Defendant Adams:** Defendant objects to this interrogatory on the grounds that
19 it is overbroad and unduly burdensome. Without waiving that objection, Defendant responds as
20 follows:

21 I do not recall the specifics of my actions on the dates in question. I recall having a
22 conversation with Mr. Greenfield discussing the possible consequences of any mass disturbance.

23 **Response by Defendant Clark:** Defendant objects to this interrogatory on the grounds that it
24 is overbroad and burdensome.

25 **Response by Defendant Fulks:** Defendant objects to this interrogatory on the grounds that it
26 is overbroad and burdensome. Without waiving that objection, Defendant responds as follows:

27   (a) E. Sanchez, D. Adams.

28   (b) E. Sanchez in person on February 27, 2004; D. Adams by telephone on February 28, 2004.

8

(c) Meeting between D. Adams and the MAC Chairperson on February 28, 2004.

(d) I do not know.

(e) I do not know.

**Response by Defendant Wan**: Defendant objects to this interrogatory on the grounds that it is overbroad and burdensome.  Without waiving that objection, Defendant responds as follows:

(a)  The Associate Warden, Chief Deputy Warden, and the Warden were notified about the incident.  I do not know whether the administration notified CDCR Headquarters.

(b) Objections.  This question is vague.  Without knowing what specific officials are being asked about, I cannot answer the question.

(c) Yes, there were meetings between the staff and inmates (M.A.C.).  However, I do not recall the specific dates since the meetings took place more than nine years ago.

(d)  Instructions were provided to the M.A.C representatives; however, I do not recall the instructions, because the incident took place more than nine years ago.

(e) Objection.  This question is vague.  Without knowing what specific information is being asked about, I cannot answer the question.

**Ruling:**  Plaintiff's motion to compel is granted in part and denied in part.

Defendants correctly object that Plaintiff's request for every action taken on three separate days is overbroad and burdensome.  However, Plaintiff identified the specific contours of his request.

With regard to Defendants' contention that they do not recall events that occurred ten years ago, it does not appear that Defendant Adams or Defendant Clark made a reasonable effort to respond to Plaintiff's interrogatory.  Discovery is not limited to that information which one easily recalls from memory.  The burden in responding to discovery is greater than that and Defendants are required to make a *reasonable effort* to respond.  Accordingly, Plaintiff's motion to compel is granted in that Defendants Adams and Clark will be required to submit a supplemental response to the subparts of Plaintiff's interrogatory.

Additionally, Defendant Wan's objections regarding the vagueness of subparts (b) and (d) are overruled.  It is evident that Plaintiff seeks information regarding how any of the officials in subpart (a) were notified and the identification of documents memorializing the notifications to officials,

meetings with staff and inmates, and instructions to the MAC chairman. Plaintiff's motion to compel is granted in that Defendant Wan will be required to submit a supplemental response to Plaintiff's interrogatory.

The remainder of Plaintiff's motion to compel a further response is denied.

### G. Interrogatory No. 5 – Defendants Fulks and Wan

**ROG 5:** State what investigation you made into the inmates complaints and grievances presented by the representatives of the hunger strikers on February 27, 2004. Include in that statement each action you took in investigating the grievances and complaints, the specific results of your investigation and the identity of any documents containing this information.

**Response:** Defendant [Fulks/Wan] objects to this interrogatory on the grounds that it requests information that is irrelevant to the issues in this case and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, it requests information that may threaten the privacy rights of individuals who are not parties to this lawsuit, such as other inmates.

**Ruling:** Plaintiff's motion to compel is denied.

This interrogatory seeks information that is irrelevant to Plaintiff's claims of retaliation, due process violations or denial of adequate clothing. Although Plaintiff contends that this interrogatory is relevant to his claim of retaliation and "a cover-up of grievances," such contention is unsupported. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). Information regarding the investigation of any underlying grievances does not appear relevant to support a retaliation claim. Rather, Plaintiff need only establish that he engaged in protected conduct.

### H. Interrogatory No. 6 – Defendants Ward, Hense and Frauenheim

**ROG 6:** Identify each and every document that specifically authorized you to impose a SHU term on plaintiff for leading or inciting a hunger strike.

10

**Response:**  Defendant [Ward/Hense/Frauenheim] objects to Interrogatory No. 6 on the grounds that, as phrased, it is overbroad and burdensome.

Without waiving this objection, Defendant [Ward/Hense/Frauenheim] states:

The primary source of authority is California Code of Regulations, title 15, sections 3341 and 3315.

**Ruling:**  Plaintiff's motion to compel is denied.

Plaintiff argues that he requested each and every document, not the primary source of authority. Plaintiff also argues that Defendants failed to identify the specific subsections of the cited regulations. The Court finds that Defendants have adequately identified the source of authority as requested by Plaintiff.

### III.     Conclusion and Order

Plaintiff's motion to compel is granted in part and denied in part. Where Plaintiff's motion was granted, Defendants have thirty days to serve amended responses, subject to the clarifications and limitations discussed. Once Plaintiff is served with the amended responses, he may file an additional motion to compel if necessary within thirty days. The motion to compel shall be limited to the amended responses. However, Plaintiff is cautioned that his mere disagreement with a substantive response is not sufficient. The objections or responses must be incomplete, evasive, or otherwise inappropriate to support a request for further relief.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on November 22, 2013, is GRANTED IN PART and DENIED IN PART as follows:

   a. Defendants have thirty (30) days from the date of service of this order within which to serve amended responses to ROG 2 (Wan and Tripp) and ROG 4 (Adams, Clark and Wan);

   b. Plaintiff's motion to compel further responses is denied as to ROGs 6 and 7 (Fields), ROGs 1 and 2 (Wan and Tripp), ROG 4 (Fulks), ROG 5 (Fulks and Wan) and ROG 6 (Ward, Hense and Frauenheim).

2. If another motion to compel is necessary following receipt of amended responses, the filing deadline is thirty (30) days from the date of service of Defendants' amended responses; and

3. Any motion for an extension of a deadline set forth above must be served on or before the deadline in question.

IT IS SO ORDERED.

Dated:   **September 8, 2014**                    /s/ Barbara A. McAuliffe
                                                  UNITED STATES MAGISTRATE JUDGE