UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE,<br><br>    Plaintiff,<br><br>v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendants. | Case No.: 1:07-cv-00269-BAM PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL ANSWERS TO ADMISSION REQUESTS (ECF No. 153)<br><br>TWENTY-ONE DAY DEADLINE |

### I. Introduction

Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against: (1) Defendants Adams, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, and Tripp for retaliation in violation of the First Amendment; (2) Defendants Adams, Hense, Ward, Clark, Fulks, Wan, Lloren, Fields, and Tripp for violation of the Due Process Clause of the Fourteenth Amendment; and (3) Defendants Adams, Schottgen, and Fields for failing to provide Plaintiff with adequate clothing in violation of the Eighth Amendment.

Currently pending before the Court is Plaintiff's motion, filed on November 22, 2013, seeking to compel Defendants' answers to admissions. (ECF No. 153.) Defendants opposed the motion on December 10, 2013. (ECF No. 157.) Plaintiff replied on January 15, 2014. (ECF No. 164.) The motion is deemed submitted. Local Rule 230(l).

1

**II.     Motion to Compel Responses to Requests for Admissions**[1]

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Rule 36 provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and as with other forms of discovery, it is well established that boilerplate objections do not suffice, e.g., Thompson v. Yates, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011).

Finally, "[t]he requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Id.

**A. Request for Admission (RFA) No. 2**

**RFA 1:** Admit that CDCR staff are required to enforce all CDCR regulations and procedures that govern inmates.

**Response:** Defendant objects to this request on the grounds that, as phrased, it is vague. Without waiving that objection, Defendant responds as follows: Defendant can neither admit nor deny this request, because not all CDCR staff are authorized to "enforce" all regulations and procedures.[2]

**Ruling:** Plaintiff's motion to compel is denied.

---

[1] The parties are familiar with the procedural background of this action; therefore, the Court finds it unnecessary to recount that background in the instant order.

[2] Each defendant responded individually, but the responses were similar. As such, it is unnecessary to reproduce each individual response.

The Court finds Plaintiff's request for admission to be vague and overbroad. Additionally, Defendants cannot be expected to review each and every CDCR regulation and procedure pertaining to inmates in order to determine which staff members are authorized to enforce the regulation or procedure.

### B. Request for Admission No. 7

**RFA 7:** Admit there is no regulation prohibiting inmates from communicating with persons outside the facility about a lawful "picket" of prison conditions.

**Response:** Defendants all objected to Interrogatory No. 7 as follows:

Defendant objects to this request on the grounds that, as phrased, it is vague and calls for legal expertise outside Defendant's purview.

Most Defendants went on to respond as follows:

Without waiving that objection, Defendant responds as follows:

Defendant can neither admit nor deny this request in the abstract, because the specific circumstances of each case will determine the appropriate response.

Defendant Lloren went on to respond as follows:

Without waiving that objection, Defendant responds as follows:

Defendant can neither admit nor deny this request because he does not know.

**Ruling:** Plaintiff's motion to compel Defendant Lloren to respond is denied.

Pursuant to Rule 36, a responding party may assert a lack of knowledge as a reason for failing to admit or deny the request. Fed. R. Civ. P. 36(a)(4). The request seeks information of a legal nature, which Defendant Lloren indicated was outside his purview.

### C. Request for Admission No. 15

**RFA 15:** Admit that any CDCR employee can be subject to employee discipline if it is determined the employee was involved in unlawfully depriving inmates of privileges and program opportunities required by the regulations.

**Response**: Defendant objects to this request on the grounds that it is irrelevant to the issues in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Without

3

waiving this objection, Defendants responds:  Defendant can neither admit nor deny this request in the abstract.  The specific circumstances of each case will determine whether discipline is appropriate.

**Ruling:**  Plaintiff's motion to compel is denied.

Plaintiff's request is not relevant to a claim or defense in this action.  Fed. R. Evid. 401.  Further, Plaintiff's request is overbroad.  Defendants cannot be compelled to provide a response in the abstract about staff disciplinary matters.

### D. Request for Admission No. 23

**RFA 23:**  Admit that the Institutional Gang Investigations conclusion referred to on page 3 of the Second Level Appeal Response Log. No. SATF-04-02350 (attached as Exhibit B) is contained in the confidential memorandum dated March 30, 2004, authored by Officer Martins.

**Response:**  Defendant objects to this request on the grounds that it requests information that is classified as "confidential" within the meaning of California Code of Regulations, Title 15, Section 3321.  Such information is prohibited from being provided to inmates under California Code of Regulations, Title 15, Section 3450(d).

**Ruling:**  Plaintiff's motion to compel is granted.

Although not entirely clear from Plaintiff's moving papers or Defendants' response, it does not appear that the request seeks confidential information not already disclosed to Plaintiff.  In other words, the request merely asks whether the conclusion in the Second Level Appeal Response, which has been provided to Plaintiff, also is contained in the March 30, 2004 confidential memorandum.

### E. Request for Admission No. 26

**RFA 26:**  Admit the "unrest" referred to in the confidential memorandum dated March 18, 2004 by defendant Tripp included presentation of inmate grievances through a peaceful hunger strike.

**Response:**  Defendant objects to this request on the grounds that it requests information that is classified as "confidential" within the meaning of California Code of Regulations, Title 15, Section 3321.  Such information is prohibited from being provided to inmates under California Code of Regulations, Title 15, Section 3450(d).

**Ruling:**  Plaintiff's motion to compel is granted.

4

Although Defendants argue that a response would require the disclosure of confidential information in violation of the law, the Court cannot ascertain how an admission or a denial of this request would disclose confidential information.  Either the "unrest" was considered to include the filing of grievances or it was not.  If a particular defendant does not know, then that defendant may properly assert a lack of knowledge.

F. **Request for Admission No. 41**

**RFA 41:**  Admit that it is the routine and established practice for custody staff from C Facility Yard #2 to assist with escorting and security duties on Facility Yard #1, if needed.

**Response:**  Defendant objects to this request on the grounds that, as phrased, it is vague, and it is irrelevant to the issues in this case and is not reasonable calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Defendant responds:  Defendant can neither admit nor deny this request in the abstract.  The specific circumstances of each situation will determine whether it is appropriate for custody staff to provide assistance.

**Ruling:**  Plaintiff's motion to compel is denied.

Plaintiff's request is vague and overbroad.  Defendants have indicated that specific circumstances, not routine or established practice, dictate whether it is appropriate for certain custody staff to provide assistance.

G. **Request for Admission No. 42**

**RFA 42:**  Admit the authenticity of the Rule Violation Report hearing and findings for inmate Lindley on charges of Inciting a Hunger Strike, log no. C-04-04-014, a copy of which is attached hereto as Exhibit D.

**Response:**  Defendant can neither admit nor deny this request, because he is not qualified to authenticate the document in question.

**Ruling:**  Plaintiff's motion to compel is denied.

Defendants contend that they were not involved in the creation of the document and have no personal knowledge of its authenticity.  As such, they are not qualified, under Federal Rule of Evidence 901, to admit to its authenticity.   It is not Defendants' responsibility to authenticate Plaintiff's evidence.  See, e.g., Milliken v. Lightfield, 2012 WL 1108825, *3 (E.D. Cal. Apr. 2, 2012)

5

(defendants not required to provide further response to RFA because they were not custodians of the records, did not generate them and had not seen them).

### III.     Conclusion and Order

Plaintiff's motion to compel is granted in part and denied in part.  Where Plaintiff's motion was granted, Defendants have twenty-one (21) days to serve amended responses.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel answers to admission requests, filed on November 22, 2013, is GRANTED IN PART and DENIED IN PART as follows:

   a. Defendants have twenty-one (21) days from the date of service of this order within which to serve amended responses to RFAs 23 and 26.

   b. Plaintiff's motion to compel further responses is denied as to RFAs 2, 7, 15, 41 and 42; and

2. Any motion for an extension of a deadline set forth above must be served on or before the deadline in question.

IT IS SO ORDERED.

Dated:  **September 29, 2014**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE