**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VINCENT C. BRUCE,<br><br>Plaintiff,<br><br>v.<br><br>JEANNE WOODFORD, et al.,<br><br>Defendants. | ) | Case No.: 1:07-cv-00269-BAM PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE AND DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br>(ECF Nos. 154, 155) |

## I. Introduction

Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against: (1) Defendants Adams, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields, and Tripp for retaliation in violation of the First Amendment; (2) Defendants Adams, Hense, Ward, Clark, Fulks, Wan, Lloren, Fields, and Tripp for violation of the Due Process Clause of the Fourteenth Amendment; and (3) Defendants Adams, Schottgen, and Fields for failing to provide Plaintiff with adequate clothing in violation of the Eighth Amendment.

Currently pending before the Court is Plaintiff's motion, filed on November 22, 2013, seeking to compel Defendants' production of documents. (ECF No. 154.) Plaintiff also filed a request for judicial notice. (ECF No. 155.) Defendants opposed the motion and the request for judicial notice on

December 10, 2013. (ECF Nos. 158, 159.) Plaintiff replied on January 15, 2014. (ECF Nos. 163, 164.) The motion is deemed submitted. Local Rule 230(l).

**II. Request for Judicial Notice**

Plaintiff requests that the Court take judicial notice of a letter dated October 17, 2011, from the Office of the Inspector General of California to State Senator Darrell Steinberg, Chair of the Senate Rules Committee, regarding the California Department of Corrections and Rehabilitation's response to an inmate hunger strike occurring between July 1 and July 20, 2011. Defendants contend that the letter is not the type of matter that can be judicially noticed under Federal Rule of Evidence 201 and does not relate to the hunger strike in this case, which occurred in 2004.

As discussed more fully below, Plaintiff's reference to the October 17, 2011 letter does not relate to the instant action and is not relevant to the hunger strike in this case. Accordingly, Plaintiff's request for judicial notice is denied.

**III. Motion to Compel Responses to Requests for Production of Documents**[1]

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, 2010 WL 892093, at *2 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody,

[1] The parties are familiar with the procedural background of this action; therefore, the Court finds it unnecessary to recount that background in the instant order.

the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with other forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C).

**A. Request for Production of Documents (POD) No. 5 – Set One**

**POD 5:** Any and all documents including those issued by the CDCR Director's Office that pertain to the placement, retention and release of inmates from administrative segregation in 2004-2005.

**Original Response:** Defendants do not have any responsive documents in their possession, custody, or control.

**Supplemental Response:** Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. It also seeks confidential information the disclosure of which could violate the privacy rights of individuals who are not parties to this lawsuit and could compromise the safety and security of the institution, its staff members, the inmates and the community. Finally, it seeks information that is protected from disclosure by the official information privilege. Cal. Code Regs. Tit. 15, §§ 3321, 3450(d); Cal Penal Code § 832; Cal. Evid. Code § 1043; 5 U.S.C. § 552; *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991); *Kerr v. U.S. Dist. Court*, 511 F.2d 192, 198-99 (9th Cir. 1975); *Hampton v. City of San Diego*, 147 F.R.D. 227, 229-30 (S.D. Cal. 1993); *Jackson v. County of Sacramento*, 175 F.R.D. 653 (E.D. Cal. 1997).

Without waiving these objections, Defendants respond as follows: Defendants will produce Operation Procedure No. 100 (Revised 2005); Memorandum with attachments from the Acting Deputy Director dated July 28, 2005: Memorandum with attachments from the Acting Deputy Director dated May 9, 2005; and Memorandum with attachments from the Deputy Director dated May 12, 2004. *See* attached. More general information is also available in the Department Operations Manual and the California Code of Regulations, both of which are available to Plaintiff.

**Ruling:** Plaintiff's motion to compel is denied.

Plaintiff argues that Defendants have maintained manuals and memoranda that specifically address the circumstances under which he was confined by Defendants. Namely, a SHU Term Assessment Handbook and a Senior Hearing Officer's Manual existing in 1999. (ECF No. 154, pp. 9-10.) Plaintiff also claims that Defendants have only produced an insignificant portion of available documents. He seeks to review the memoranda maintained by the CDCR Classification Services as well as the SHU Term Assessment Handbook.

Defendants counter that Plaintiff's request was overbroad, making it difficult to ascertain the documents that Plaintiff sought to receive. Defendants now indicate that the non-confidential memoranda maintained by the CDCR Classification Committee are already available to Plaintiff in the law library or through the Litigation Coordinator's Office at his institution. Defendants also represent that CDCR does not create or maintain any official "SHU Term Assessment Handbook" and that a search of the records did not locate any such handbook created by any individual officer during the time period that is relevant to this case.

Based on Plaintiff's moving papers, Defendants have now informed Plaintiff of the location of any non-confidential memoranda maintained by the CDCR Classification Committee and have indicated that these documents are readily available to Plaintiff. With regard to the "SHU Term Assessment Handbook," Defendants have represented that CDCR does not create or maintain such a handbook. The Court has reviewed Plaintiff's moving papers and exhibits, but does not find evidence that CDCR created or maintained such a handbook during the relevant time period. With regard to the Senior Hearing Officer's Manual, the Court has addressed this document in its order regarding Defendants' responses to interrogatories issued on September 9, 2014. (ECF No. 176.)

For the reasons stated, the Court will not compel Defendants to produce documents equally available to Plaintiff or documents not created or maintained by the CDCR or individual defendants.

**B. <u>Request for Production No. 6</u>**

**POD 6:** Any and all documents that pertain to the issuance, review and classification of Rule Violation Reports, including changing or amending of the alleged Rule Violation.

**Original Response:** Defendants do not have any responsive documents in their possession, custody or control.

**Supplemental Response:** Defendants object to this request on the grounds that it is vague, overbroad, and unduly burdensome. It also requests documents that are equally available to Plaintiff. The documents that could be responsive to this request (depending on its specific meaning) could be voluminous and could contain information that is not disclosable, such as private information about other inmates. Without waiving this objection, Defendants respond as follows: Defendants refer Plaintiff to:

- California Code of Regulations, title 15, §§ 3310 through 3320.1
- California Code of Regulations, title 15, §§ 3084 through 3085.

These code sections are available to Plaintiff.

**Revised POD 6:** Any pages and/or sections of the Senior Hearing Officers' Manual that discusses changing or amending the Rule Violation Report (RVR) charge after the RVR was issued. (ECF No. 154, Ex. G.)

**Revised Response**: A thorough search of the records indicates that there is no official CDCR-created Senior Hearing Officers' Manual. Although individual hearing officers may have compiled their own collections of selected Title 15 regulations and forms for their own convenience. CDCR does not create separate manuals, handbooks, criteria, instructions, or guidelines for changing or amending rules violation reports. The guidelines for changing or amending a rules violation report are set forth in California Code of Regulations, title 15, §§ 3310 through 3320.1 and California Code of Regulations, title 15, §§ 3084 through 3085.

**Ruling:** Plaintiff's motion to compel is denied.

In his moving papers, Plaintiff indicates that he seeks documents that refer to the "changing or amending the disciplinary charge." Plaintiff contends that such documents exist by reference to the aforementioned Senior Hearing Officer's Manual. (ECF No. 154, pp. 5, 10.) Defendants counter that they have cited to all documents that pertain to changing or amending the disciplinary charge and that provide the guidelines for changing or amending a disciplinary charge.

Based on Defendants' response, the Court cannot compel the production of documents that do not exist. The Court previously addressed the issue of the Senior Hearing Officer's Manual in its order of September 9, 2014. (ECF No. 176.)

C. **Request for Production No. 7**

**POD 7:** Any and all documents, including disciplinary manuals and handbook that defines the following disciplinary terms "leading or participating in a disturbance;" "inciting;" "riot;" "strike;" "hunger strike;" "work stoppage;" "disorder;" "endangers the facility;" and "conspiracy to assault staff."

**Original Response:** Defendants do not have any responsive documents in their possession, custody, or control.

**Supplemental Response:** Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. It also seeks documents that are equally available to Plaintiff. The terms referred to in the request may appear in numerous provisions of California law. Defendants are prepared to respond to a more narrowly-focused request.

**Revised POD 7:** Any pages and/or sections of the Senior Hearing Officers' Manual that discusses and/or defines the following disciplinary terms 'leading or participating in a disturbance', 'inciting', 'riot', 'strike', 'hunger-strike', 'disorder', 'serious disruption to facility', 'endangers the facility'. (ECF No. 154, Ex. G.)

**Revised Response:** A thorough search of the records indicates that there is no official CDCR-created Senior Hearing Officers' Manual. Although individual hearing officers may have compiled their own collections of selected Title 15 regulations and forms for their own convenience, CDCR does not create separate manuals, handbooks, criteria, instructions, or guidelines defining or discussing the listed terms. The source for the definitions and discussions of the listed terms is Title 15 and related provisions of law.

**Ruling:** Plaintiff's motion to compel is denied.

The Court previously addressed the issue of the Senior Hearing Officer's Manual in its September 9, 2014 order. (ECF No. 176.) For the reasons stated in that order, the Court will not compel a further response to Revised POD 7.

///

///

**D. Request for Production No. 8**

**POD 8:** Any and all documents that pertain to imposing a SHU term for leading or participating in a disturbance, riot or strike including any documents from the Director's Office.

**Original Response:** Defendants do not have any responsive documents in their possession, custody, or control.

**Supplemental Response:** Defendants object to this request on the grounds that it is vague, overbroad, and unduly burdensome. It also request documents that are equally available to Plaintiff. The documents that could be responsive to this request (depending on its specific meaning) could be voluminous and could contain information that is not disclosable, such as private information about other inmates. Without waiving this objection, Defendants respond as follows: Defendants refer Plaintiff to California Code of Regulations, title 15, §§ 3310 through 3326; 3330 through 3335. These code sections are available to Plaintiff.

**Revised POD 8:** Any memorandums or bulletins generated by the Secretary's or Director's Office of CDCR including designees such as Deputy Director which are directed to Wardens and/or other staff that discuss or refer to imposing a SHU term for leading or participating in a disturbance, riot or strike. The date of such memorandums to be produced is between 1998 and July 2013. (ECF No. 154, Ex. G.)

**Revised Response:** A thorough search of the records indicates that there are no memorandums or bulletins dated between 1998 and July 2013 discussing the imposition of a SHU term for leading or participating in a disturbance, riot, or strike. The source of guidance on such matters is California Code of Regulations, title 15, §§ 3310 through 3326; 3330 through 3335.

**Ruling:** Plaintiff's motion to compel is denied.

Plaintiff contends that Defendants are deliberately withholding documentation on this subject, including the original change to the Director's Rules. Defendants indicate that they have cited all documents responsive to this request and the Notice of Change to Director's Rules is already available to Plaintiff in the law library.

The Court finds no basis to compel a further response.

///

E. **Request for Production No. 9**

**POD 9:** Any and all documents that refer to the hunger-strike that began on or about February 27, 2004 that plaintiff was found guilty of leading including but not limited to incident reports, reports of unusual occurrences, program modification orders, program and unit logs, investigative memorandums, and any other records.

**Original Response**: Attachment 3 includes all responsive documents in Defendants' possession, custody, or control.

**Modified POD 9:** Confidential memorandums dated March 30, 2004 (authored by S. Martin), March 18, 2004 (authored by Defendant Tripp), and March 25, 2004 (authored by Officer Boos-Emma).

**Response to Modified POD 9:** Defendants object to this request on the following grounds:

- The request seeks information that constitutes "confidential information" within the meaning of California Code of Regulations, Title 15, § 3321. Such information is prohibited from being provided to inmates under California Code of Regulations, Title 15, § 3450(d).
- The request seeks information that is protected from disclosure under the "official information privilege." *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991).
- The request seeks information the disclosure of which would violate the privacy rights of inmates and other individuals who are not parties to this lawsuit.

*See* attached Declaration and Privilege Log.

**Ruling:** Plaintiff's motion to compel is denied.

Plaintiff claims that he only seeks portions of the memoranda that pertain to his interviews, the investigating officers' findings and any other information that does not identify an informant. Defendants respond that even limited disclosure could severely threaten the safety and security of the institution. Defendants have produced a privilege log along with the declaration of J. Cordova, a Correctional Counselor II/Litigation Coordinator at California State Prison, Substance Abuse Treatment Facility (SATF). (ECF No. 158, Ex. A.)

The Court has reviewed the privilege log and supporting declaration, which provides that the requested memoranda are prohibited from being provided to inmates under the California Code of Regulations and that even a carefully crafted protective order would create a substantial risk of harm to significant governmental interests and that the harm from disclosure could potentially affect the safety and security of all institutions, staff and inmates. (ECF No. 158, Ex. A; Cordova Dec. ¶¶ 4-5.) Plaintiff has not suggested that protective order or other mechanism would protect the confidentiality of the information, nor has he suggested that disclosure would not affect the safety and security of the institutions, staff and inmates. Accordingly, the Court will not compel a further response POD 9. Defendants are cautioned that they will not be able to introduce these memoranda at trial absent disclosure to Plaintiff.

**F. <u>Request for Production 4 – Set Two</u>**

**POD 4, Set Two:** All documents that summarize, compile information, or collect data about administrative or punitive actions taken against leaders of or participants in a hunger strike.

**Response:** Defendants object to this request on the grounds that it is vague, overbroad, and unduly burdensome. It also request documents that are irrelevant to this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence. The documents that could be responsive to this request (depending on its meaning) could be voluminous and could contain information that is not disclosable, such as private information about other inmates and about individuals who are not parties to this lawsuit. Defendants are prepared to respond to a more narrowly focused request that is relevant to the issues in this case.

**Ruling:** Plaintiff's motion to compel is denied.

Plaintiff's request is overbroad and will lead to the production of documents that are irrelevant to a claim or defense in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Although Defendants offered to respond to a more narrowly focused request, Plaintiff did not revise his request. Plaintiff claims that CDCR provided such data to the OIG investigators. Plaintiff supports his claim by reference to the October 17, 2011 letter from the Office of the Inspector General identified in his request for judicial notice. (ECF No. 155.) However, the letter pertains to a hunger strike occurring in 2011, and provides no relevant information regarding the

hunger strike in this action, nor does it suggest that CDCR regularly compiles statistical information regarding hunger strike participants.

**IV. Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED that:

1. Plaintiff's request for judicial notice, filed on November 11, 2013, is DENIED; and
2. Plaintiff's motion to compel the production of documents, filed on November 22, 2013, is DENIED.

IT IS SO ORDERED.

Dated: **September 30, 2014**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE