UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT C. BRUCE,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendants. | Case No.: 1:07-cv-00269-BAM PC<br><br>ORDER DENYING DEFENDANTS'<br>REQUEST TO FILE DOCUMENTS UNDER SEAL<br><br>(ECF No. 167) |

    Plaintiff Vincent C. Bruce ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's claims against Defendants Adams, Hense, Ward, Clark, Fulks, Wan, Frauenheim, Lloren, Fields and Tripp for retaliation in violation of the First Amendment; Defendants Adams, Hense, Ward, Clark, Fulks, Wan, Lloren, Fields and Tripp for violation of the Due Process Clause of the Fourteenth Amendment; and Defendants Adams, Schottgen and Fields for failing to provide Plaintiff with adequate clothing in violation of the Eighth Amendment. All parties have consented to magistrate judge jurisdiction. (ECF Nos. 4, 104.)

    Defendants filed a motion requesting an order sealing documents that they propose to submit in support of their summary judgment motion, consisting of reports from a 2004 confidential investigation of Plaintiff related to this matter. (ECF No. 167.) The documents in question were

1 provided to the Court for in camera review, and safety and security concerns were cited and explained
2 as the basis for excluding Plaintiff from service of the documents themselves. Plaintiff was provided
3 with the request to seal, and opposed it. (ECF No. 195.) Defendants filed a reply to Plaintiff's
4 opposition. (ECF No. 221.) The motion is deemed submitted. Local Rule 230(l).

5       Filings in cases such as this are a matter of public record absent compelling justification. See
6 Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The party seeking to
7 seal a judicial record bears the burden of overcoming the strong presumption in favor of public access
8 by showing compelling reasons for sealing the records. Id. Here, the documents in question were the
9 subject of a previous dispute between the parties. Plaintiff sought to compel documents that referred to
10 the February 27, 2004 hunger strike at issue in this case, that Defendants objected to producing.
11 Defendants admitted that certain confidential memoranda, including reports containing the identify of
12 confidential informants, were responsive to Plaintiff's discovery request. They argued, however, that
13 the documents were privileged and confidential. Plaintiff argued that he should be disclosed those
14 portions of the memoranda that did not contain protected confidential information or the identity of
15 any informants, but Defendants still objected. Specifically, Defendants argued that even limited
16 disclosure of the memoranda could severely threaten the safety and security of the institution.
17 Defendants produced a privilege log and declaration in support of these contentions.

18       Based on Defendant's arguments and evidence that even limited disclosure under a carefully
19 crafted protective order would create a substantial risk of harm to significant governmental interests,
20 and that the harm from disclosure could potentially affect the safety and security of all institutions,
21 staff and inmates, the Court denied Plaintiff's motion to compel. (ECF No. 179, p. 8-9.) However, the
22 Court cautioned Defendants that they could not rely on the confidential memoranda at trial, absent
23 disclosure to Plaintiff. Those confidential memoranda are the confidential investigation reports that
24 Defendants now seek to submit under seal and rely upon in moving for summary judgment.

25       The Court finds that its prior order precluding Defendants from relying on these documents at
26 trial absent disclosure to Plaintiff is equally applicable to their attempt to submit and rely on these
27 documents for summary judgment. Fed. R. Civ. P. 37(c)(1). As a result, Defendants request to submit
28 the documents under seal is denied, and the documents will not be considered in the Court's

determination of Defendants' motion for summary judgment. To clarify, the Court is not requiring Defendants to disclose the documents to Plaintiff at this time. Plaintiff's argument that Defendants' attempt to submit and rely on the documents is a waiver of their prior objections and assertions of privilege, is rejected. Nevertheless, the Court re-affirms that Defendants cannot submit and rely on these documents at summary judgment or at trial in this matter, absent disclosure to Plaintiff.

Accordingly, it is HEREBY ORDERED that Defendants' request to seal documents (ECF No. 167) is DENIED.

IT IS SO ORDERED.

Dated: **July 22, 2016**            /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE