UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BRUCE,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNE WOODFORD, et al.,<br><br>    Defendant. | 1:07-cv-00269-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL FOR TRIAL<br><br>(ECF No. 237) |

On October 28, 2016, Plaintiff filed a motion seeking the appointment of counsel for trial, which currently is scheduled for February 14, 2017.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

1

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff contends that he requires the assistance of counsel to prepare for and conduct the trial because he is indigent, he has been unable to secure pro bono counsel, he cannot locate and secure certain witnesses and testimony, he cannot simultaneously testify and object to questions by defendants' counsel, he has no legal training, he only has a high school education, this case is legally and factually complex and there are no civil trial books available to assist him.

Plaintiff's case is not exceptional. This Court is faced with similar cases almost daily, and prisoners routinely represent themselves at trial without the benefit of legal experience or training. Plaintiff's situation is not dissimilar from other prisoners bringing their cases to trial while dealing with the restrictions of confinement. With regard to securing the testimony of various witnesses, the Court has provided Plaintiff with the procedures for obtaining attendance of incarcerated and unincarcerated witnesses at trial. (ECF Nos. 232, 234). More importantly, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Indeed, Plaintiff has successfully prosecuted certain of his claims through summary judgment, and those claims are now proceeding to trial.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel for trial is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 9, 2016**                    /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE

2