UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BRUCE,<br><br>  Plaintiff,<br><br>v.<br><br>JEANNE WOODFORD, et al.,<br><br>  Defendant. | 1:07-cv-00269-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE APPLICATION TO STAY BRIEFING ON PLAINTIFF'S PENDING MOTIONS<br><br> (ECF No. 238) |

**I.     Background**

On October 24, 2016, Plaintiff filed a motion requesting a 120-day extension of time to extend the deadlines in the second scheduling order. (ECF No. 235). On that same date, Plaintiff filed a motion for the Court to revise its summary judgment ruling. (ECF No. 236). On October 28, 2016, he filed a motion for the appointment of counsel for trial. (ECF No. 237). A settlement conference is currently scheduled in this matter for December 6, 2016, and trial is scheduld for February 14, 2017.

On November 7, 2016, Defendants filed the instant *ex parte* application requesting a stay of further briefing on Plaintiff's pending motions requesting the Court to revise its summary judgment ruling and requesting the appointment of counsel. (ECF No. 238). Defendants indicate that their responses to the motions are due on November 14 and 16, 2016, respectively. Defendants now request that the Court say the briefing on these motions until after the December

1

6, 2016 settlement conference has been held. Defendants contend that the stay will allow the parties to avoid unnecessary briefing and will prevent burdening of the Court's docket. Defendants also contend that the settlement conference may obviate the need for further briefing on Plaintiff's pending motions. (*Id.*)

## II. Discussion

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

In this instance, the Court finds that Defendants have adequately established the need to stay briefing on Plaintiff's motion requesting the Court to revise its summary judgment ruling. Given the upcoming settlement conference, a stay of this motion will preserve judicial and party resources, and may avoid unnecessary briefing. The short delay also will not result in prejudice to the parties. However, the Court does not find that a stay of the motion for the appointment of counsel to be necessary in order to preserve judicial or party resources. The Court intends to address that motion by separate order and does not find a response from Defendants essential or necessary.

As a final matter, the Court notes that Defendants have not addressed the pending motion for a 120-day extension of time. (ECF No. 235). Unless otherwise directed, Defendants' response to the motion for a 120-day extension of time shall be filed on or before November 14, 2016. Local Rule 230(l). Defendants are not precluded from requesting an extension of time supported by good cause or stay of briefing on this motion.

## III. Conclusion and Order

For these reasons, Defendants' *ex parte* application to stay briefing on Plaintiff's pending motions is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' request for a stay of briefing on Plaintiff's motion requesting the Court revise its summary judgment ruling is GRANTED pending completion of the settlement conference set for December 6, 2016. If the action does not settle,

Defendants response to the motion shall be due on or before December 20, 2016, with any reply due on or before December 27, 2016; and

2. Defendants' request for a stay of briefing on Plaintiff's motion for the appointment of counsel for trial is DENIED. The Court will address the pending motion by separate order. A response from Defendants is not required.

IT IS SO ORDERED.

Dated: **November 9, 2016**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE